No. 186

BURGER v. RENNER PRODUCTS CO.

Ohio Appeals, 9th Dist., Summit County
No. 782. Decided Jan. 22, 1924

144. BILLS OF EXCEPTIONS—Exception to the overruling of motion for a new trial stated in a, Bill of Exception, although not contained on journal, is sufficient.

928. NEGLIGENCE—Doctrine of res ipsa loquitur does not apply to injury sustained by one due to cork blowing out of keg containing soft drink where keg was not in the exclusive control of defendant. Doctrine only applies where negligent default is a reasonable probability rather than a conjecture.

WASHBURN, J.

Epitomized Opinion

First Publication of this Opinion

This was an action for negligence by Burger against the Renner Products Co. The evidence disclosed that plaintiff was a dealer in soft drinks and that the defendant was a manufacturer of a soft drink known as "Green B" which was sold in kegs and which, to make suitable and desirable for consumption, required the addition thereto by the purchaser of a small amount of yeast placed in the keg, and that after the keg had stood open for a couple of days the bung was replaced and the product was ready for consumption. It also disclosed that such a treatment created a pressure inside the keg; that the plaintiff had been handling the product for some time and that a keg which he had purchased from the defnedant had been so treated by him under general instructions given him by the defendant at the time he began handling said product. Just as the plaintiff was about to open a keg for use the cork which was placed in the end of the barrel by the defendant for the purpose of enabling plaintiff to tap the same blew out and struck plaintiff on the eye, destroying it.

Plaintiff's evidence also tended to show that the cork was put in by the defendant in a manner which would prevent or make impossible its blowing out. At the close of plaintiff's case a motion to direct a verdict for defendant was sustained. An exception was taken and a motion for a new trial was filed and overruled. The journal did not show an exception to this overruling. However, the bill of exceptions showed that an exception was taken to the overruling of the motion. In sustaining the judgment of the lower court, the Court of Appeals held:

1. An exception such as is involved in this case may be saved by entry upon the journal or by a bill of exception wherein the court

# A BIRDSEYE VIEW OF THROCKMORTON

## New General Legal Form Book Cites Ohio Code

### Superb Work Ready. Why You Should Have It :

1. It is linked up closely with current law of Ohio, being issued in 1924.

2. Nothing is safe today that does not give Land Bank, Automobile, Labor Agreements, the law of the last 10 years, including Farm Oil, Gas and Mining.

3. Birdseye gives instructions for execution of wills in all States, including Ohio.

4. In contains Ohio bill of sale form on automobiles, quitclaim deed, chattel mortgage, special warranty deed with release of dower, mortgage and oil or gas lease.

5. Cleveland Garment Workers' agreement and over 200 pages (the biggest space ever devoted) to Labor Contracts.

6. Has 2500 subject headings, 24,000 references, nearly 2400 pages.
   You Should Have This Work Because

## IT IS PREVENTATIVE LAW

IT MAKES MONEY FOR YOU

IT SAVES MONEY FOR YOUR CLIENTS

### ORDER HERE

W. Howard Haynes,
Cleveland.

Please send me Birdseye's Abbott's General Legal Form Book, so that I can study Preventive Law in the modern way.

If I like the books I will send you check for $15, within 10 days, or return the books.

Signed _____

Address _____

Sold by

# W. HOWARD HAYNES

2080 E. 107th STREET     CLEVELAND, O.

Telephone 4792-W

"I HELP YOU WIN"

certifies that such exception was taken.

2. The fact that the keg in the case at bar was not under the control and management of the defendant and the fact that the plaintiff was an active participant in the treatment of the contents of the keg, which was under his exclusive control, rendered the doctrine of res ipsa loquitur inapplicable and the mere fact that the cork blew out did not raise a prima facie presumption of negligence on the part of defendant.

3. The doctrine of res ipsa loquitur applies only where, on proof of the occurrence and the injury, the existence of neigligent default is the more reasonable probability, and it should not be allowed to prevail where, on proof of the occurrence without more, the matter rests only in conjecture.

Attorneys—Burch, Bacon & Denlinger, for Burger; Slabaugh, Young, Sieberling, Huber & Guinther, for the Renner Products Co.