JEWEL COAL & MINING COMPANY *v.* WHITNER.

Opinion delivered February 8, 1926.

1. MASTER AND SERVANT—ASSUMED RISK—QUESTION FOR JURY.— While the appreciation of danger is often inferred from a knowledge of the conditions on the part of a servant, he will not be held to have assumed the risk as matter of law if his knowledge is not such as necessary to make him appreciate the danger.

2. MASTER AND SERVANT—ASSUMED RISK—JURY QUESTION.—Under the evidence, *held* that it was not error to refuse to declare as a matter of law that plaintiff, who was injured while driving a mule-car in a coal mine, assumed the risk of injury from a protruding rock.

3. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—A motion for new trial for newly discovered evidence addresses itself to the sound discretion of the trial court, and a denial thereof will not call for a reversal where proper diligence was not employed to obtain such evidence at the trial.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; affirmed.

STATEMENT OF FACTS.

Austin Whitner sued the Jewel Coal & Mining Company to recover damages for personal injuries received by him in the defendant's coal mine by reason of its

negligence in failing to furnish him with a safe place in which to work.

The defendant answered denying negligence on its part, and pleaded contributory negligence and assumption of risk on the part of the plaintiff.

The Jewel Coal & Mining Company is a domestic corporation engaged in mining coal, and Austin Whitner was driving a mule-car in its mine at the time he was hurt. He went to work for the defendant on November 15, 1923, and got hurt on the third day thereafter while he was driving a mule hitched to some coal-cars. He was sitting in the middle of the front end of the first car, and, as he came out of the entry, he looked over his left shoulder to see if there was a car off of the track or anything else wrong. As he turned his head back, a rock which was protruding over the track caught his hip and pulled him off the car. He hollered to the mule to stop, and finally pulled himself out from between the rock and the coal-car. His right arm was hurt in the bend of the elbow, and his back was severely bruised. He could not work any at all for several weeks, and at the time of the trial, which was in September, 1924, he could only do about half as much work as he could before the injury. He was receiving $7.50 per day at the time he was injured. The rock that caught the plaintiff was protruding over the track, on which the coal-cars were being hauled, and came over about half-way or to the middle of the track. It was impossible for the plaintiff to be out of the way of the rock when riding in the center of the front car, where it was his duty to ride. The above is the version of the circumstances attending the injury and resulting from it as testified to by the plaintiff. Another witness testified that the rock at the place in question protruded over the track to some extent, but he did not know how far. The track is about twenty inches wide, and the coal-cars are wider than the track.

According to the testimony for the defendant, the rock in question did not protrude over the track, and, if the defendant had been sitting in the middle of the front

end of the front car, where it was his duty to sit while driving, he would not have been hurt. If a car jumped the track or anything else went wrong, it was the duty of the driver to stop the mule and find out what was the matter. It was his duty to look forward all the time.

The mine foreman was a witness for the defendant. According to his testimony, the plaintiff admitted to him, right after the accident happened, that he had no business turning around to see if anything had gone wrong with the cars, and stated further that it was his own fault that the accident happened. Other testimony will be stated or referred to in the opinion.

The jury returned a verdict in favor of the plaintiff for $200, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*White & White,* for appellant.

*Rhyne & Blair,* for appellee.

HART, J., (after stating the facts). The principal reliance of the defendant for reversal of the judgment is that the court erred in refusing to direct a verdict in its favor. In the first place, it is insisted that there was no negligence on the part of the defendant. Counsel for the defendant point to the fact that several witnesses testified that the rock in question did not protrude over the car track, and that, if the plaintiff had been sitting in the middle of the front end of the front car, he would not have been injured. It is inferable from other evidence on the part of the defendant that the plaintiff turned to look over his left shoulder to see if anything was wrong with any of the train of cars on which he was riding, and that he, in turning, displaced the lumps of coal upon which he was sitting and thereby caused himself to fall and sustain the injuries for which he is now suing.

Under the settled rules of this court it is not our duty to weigh testimony on any given point at issue; but we must take the verdict of the jury as settling the facts, if there is any testimony of a substantial character to sustain it. In the case at bar, on the question of negligence, the plaintiff testified that he was not guilty of negligence

in looking back to see if anything was wrong with any of the coal cars, and that, in doing so, his hip was caught in a rock which protruded over the track, and in this way he was dragged from the car and severely injured. The plaintiff further testified that he was sitting in the middle of the front end of the front car, where it was his duty to sit while driving, and that he had fixed his seat so that coal would not topple off and cause him to fall when he should look back. His testimony as to the rock protruding over the track to a certain extent was corroborated by the testimony of another witness. This evidence, if believed by the jury, was sufficient to warrant it in finding that the defendant was guilty of negligence.

It is earnestly insisted, however, by counsel for the defendant, that the court should declare as a matter of law that the plaintiff assumed the risk, and therefore was not entitled to recover.

It is true, as contended by counsel, where the danger is so obvious that knowledge of it and appreciation thereof should be imputed to the servant, the court should declare as a matter of law that he is not entitled to recover against the master. It is equally well settled that assumption of risk is not predicable from knowledge of the conditions alone. While the appreciation of the danger is often inferred from complete knowledge on the part of the servant, yet, if the knowledge possessed by the servant is not such as to necessarily make him appreciate the danger of his work, his action for injuries will not be barred. *Brackett* v. *Queen,* 162 Ark. 525.

In the application of these settled principles of law to the facts in the case at bar, we do not think it can be said as a matter of law that the plaintiff knew of and appreciated the dangerous condition of the entry, and thereby assumed the risk. Of course, under the evidence for the defendant, the jury might have found that the position of the rock protruding over the track was apparent to the plaintiff, and as a man of ordinary intelligence he must have observed and realized the danger. It was shown by the witnesses for the defendant that the plain-

tiff had gone along all the entries the day before he commenced driving in order to familiarize himself with them, and the plaintiff himself admitted that he had driven one trip along the entry in question before he was injured. The jury might have found against him on the question of assumption of risk under this evidence; but it cannot be said as a matter of law that it was undisputed. The primary purpose of the plaintiff in going along the entries was to familiarize himself with conditions generally, so as to enable himself to better discharge his duties as driver of a coal-car. He was not required to make an inspection to see if rocks protruded over the tracks, making it dangerous for him to drive there. He might have noticed the rough surface of the rocks, and yet not have realized that one of them protruded so far over the tracks that it would be dangerous for him to turn around to see if anything had happened to one of the cars attached to the train he was driving. Then too the fact that the plaintiff had made one trip along there before he was hurt is not conclusive evidence that he knew the dangerous condition of the place. His duties as driver might have required him to turn his head in the other direction while passing the rock in question, and it thereby escaped his notice. Then too he might have been sitting on the right side of the front end of the front car, and on this account did not see the rock and appreciate the danger therefrom. The fact that he was negligent in riding on the right-hand side of the car on the first trip would not preclude him from recovering on the ground of assumption of risk, or of contributory negligence. The result of our views is that, when the evidence is considered in the light most favorable to the plaintiff, it cannot be said that the court erred in refusing to direct a verdict for the defendant.

The next ground for a reversal of the judgment is that the circuit court erred in not granting him a new trial on the ground of newly discovered evidence. On this point the defendant introduced affidavits of two of its servants, who stated that, after the plaintiff was injured,

and before he left the mine, he told them that he was sitting on the left-hand corner of the car on a lump of coal; that he turned to look back to see what was wrong with one of the cars, and that the lump of coal on which he was sitting rolled and threw him off of the car, and that he fell between the car and the wall of the entry, and in that way got squeezed. The record shows that the trial did not take place in the circuit court until nearly a year after the injury occurred. The two newly discovered witnesses were fellow-servants of the plaintiff, and, if a full and complete investigation had been made, it is probable that the newly discovered evidence would have been obtained at the trial. It is true that the witnesses said that they had agreed not to tell any one because they did not want to be witnesses; but at the same time it is reasonable to presume that, if a proper investigation had been made, they would have told what they knew.

The motion for a new trial addressed itself to the sound discretion of the trial court, and, under the ruling in *Arkadelphia Lumber Co.* v. *Posey,* 74 Ark. 377, it can not be said that the circuit court erred in refusing to grant a new trial on the ground of newly discovered evidence.

Therefore the judgment will be affirmed.