DAVIS *v.* SAFEWAY STORES, INC.

4-4848

Opinion delivered December 6, 1937.

*B. R. Bogard* and *Milton McLees,* for appellant.

*John Sherrill* and *Howard Cockrill,* for appellee.

McHANEY, J. Appellant brought this action against appellee to recover damages for physical injuries which she alleged she sustained as the result of a fall she suf-

fered while a customer in one of appellee's stores in North Little Rock, on May 20, 1936. The negligence alleged was the failure on the part of appellee to exercise ordinary care to maintain its premises in a reasonably safe condition in that its servants, agents and employees were negligent in applying a surplus amount of oil upon the floor of said store without notifying customers of said dangerous condition and neglecting sufficiently to light said store so that appellant might have seen such dangerous condition. The answer was a general denial of the allegations of the complaint and a plea of contributory negligence on the part of appellant. Trial resulted in a verdict and judgment in favor of appellee.

For a reversal of the judgment appellant contends that the court erred in giving appellee's requested instructions Nos. 4 and 5, as follows:

"No. 4. You are instructed that it was the duty of the plaintiff to discover any defects in the condition of the floor, such as oil upon the floor, if same were open and obvious to a person of normal faculties, and if you find from the evidence in this case that plaintiff was caused to fall because of any condition of the floor which was open and obvious to a person of normal faculties, and through negligence on her part she failed to discover such defects, and that such failure caused or contributed to cause the injuries complained of, then you are instructed that she was guilty of contributory negligence and cannot recover against the defendant in this action."

"No. 5. You are instructed that defendant was not required to anticipate any unusual dangers to plaintiff such as might arise from over-weight, swollen or weak ankles, or unusually high heels, and if you find from the evidence in this case that plaintiff fell on the floor of defendant's store because of lameness, over-weight, or high heels, which floor was ordinarily safe for a person of ordinary weight without lameness and with reasonably designed heels, then the defendant is not liable to the plaintiff because of the injuries complained of."

As to instruction No. 4, we think it places too great a burden upon appellant. It made it her duty to discover the oil upon the floor, "if same were open and

obvious to a person of normal faculties.'' It is contended by appellee that instruction No. 4 is a correct declaration, but even though it is not, that it was the duty of appellant to point out to the trial court the error complained of. A specific objection by appellant to this instruction sufficiently pointed out the error. Appellant objected specifically ''because it is an improper declaration of law concerning the duty of the plaintiff to exercise ordinary care for her own safety in that it places upon the plaintiff the burden to discover any defects in the condition of the floor.'' The only burden placed upon appellant was to exercise ordinary care for her own safety while in the store. Of course, if the danger was so open and obvious that knowledge of it and appreciation of it should be imputed to her, then appellee would have been entitled to an instructed verdict. *Jewel Coal & Mining Co.* v. *Whitner,* 170 Ark. 393, 279 S. W. 1031. We would not reverse the case, however, for the giving of this instruction because the instructions, taken as a whole, show that the only duty imposed upon appellant was to exercise ordinary care for her own safety while in the store. We think, however, that it would be better, upon a new trial, to omit said instruction and to give an instruction similar to the one in *Hurley* v. *Gus Blass Co.,* 191 Ark. 917, 88 S. W. 2d 850, where the court instructed the jury as follows: ''You are instructed that it was the duty of Mrs. Hurley to exercise ordinary and reasonable care for her own safety while in defendant's store, and if you find that she negligently failed to use reasonable care for her own safety and her failure to use such care, if any, contributed in any degree, however slight, to her injury, then she cannot recover damage from the defendant.''

We are of the opinion, however, that the court erred in giving instruction No. 5, above quoted, which calls for a reversal of this judgment. It must be remembered that appellant was an invitee in appellee's premises. It owed a duty to the public, including appellant, no matter what her over-weight might be, to exercise ordinary care to keep its premises in a reasonably safe condition for the safety of all persons who might come into said store on

business. Appellee holds itself out as being willing to do business with all of the public, whether they be underweight, ordinary weight or over-weight, large or small, and it will be liable in damages to any such persons, who, while in the exercise of ordinary care for their own safety, are injured through its negligence. Since it invited the general public into its place of business, the law requires it to exercise ordinary care to keep such place reasonably safe for all persons whom it invited. *McCrum* v. *Weil & Co.*, 125 Mich. 297, 84 N. W. 282. See, also, §§ 75, 76 and 77, 45 Corpus Juris, p. 701, and cases there cited.

For the error indicated, the judgment must be reversed, and the cause remanded for a new trial.