## CUNNINGHAM v NEIL HOUSE HOTEL CO.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3218.   Decided Nov. 22, 1940.

Virgil P. Cline, Columbus; John C. Fontana, Columbus, for plaintiff-appellant.

Arnold, Wright, Purpus & Harlor, Columbus, and Earl F. Morris, Columbus, for defendant-appellee.

## OPINION

### By HORNBECK, PJ.

This is an appeal on questions of law from a judgment entered upon a verdict of a jury returned for defendant upon the direction of the trial judge at the conclusion of the opening statement of counsel for plaintiff.

The action was for personal injuries claimed to have been suffered by plaintiff by reason of the negligence of the defendant.

The errors assigned are,

(1) The court erred in sustaining the defendant's motion for nonsuit on the plaintiff's opening statement.

(2) In not submitting to the jury the question of defendant's negligence.

(3) The judgment was contrary to law.

(4) Other errors apparent on the face of the record.

Plaintiff in her petition averred that she was a guest of the defendant occupying a room on the third floor of the Neil House; that the

"defendant then and there knew or, in the exercise of ordinary care should have known, that at the time plaintiff so rented said room the same was infested with a certain deadly and poisonous insect, the name of which plaintiff does not know, but the same was of the spider family, which poisonous and venomous insect defendant carelessly and negligently failed and neglected to destroy but permitted the same to be and remain in said room and during the night said insect stung plaintiff on the right arm at the elbow and on the hand and she was thereby injured as hereafter set forth."

In the opening statement counsel for plaintiff read the petition in full and in addition thereto stated that plaintiff, together with two other women occupied a room at the Neil Hotel on the night of September 23, 1936. The night was warm, the windows of the hotel were wide open and not screened; that about 2:00 or 2:30 A. M. on the 24th of September plaintiff was awakened by a burning and stinging sensa-

tion in her right arm and upon examination found a welt thereon, above the elbow, which at the time was slightly swollen and caused and continued to cause her great pain; that on the 22nd of September one of the women who was rooming with the plaintiff on the night when she was bitten by an insect, had occupied a single room in the hotel and observed in the room a cockroach; that one of the women in the party observed in the room which plaintiff occupied a large black bug in the bath room on two occasions. The foregoing is all that was stated to the jury respecting the conditions attending the source of the bite or sting to the plaintiff's arm and upon this statement the court, upon motion, directed a verdict for the defendant. It is to this action that the appeal is directed. The brief of plaintiff is devoted to three propositions, the first of which is that the action of the Court was tantamount to the sustaining of a demurrer to the petition and that as the petition was good as against demurrer the opening statement was good as against the motion for directed verdict. We can not accept this conclusion because the petition as amplified by all the specific evidence which plaintiff stated that she would produce removes and negatives certain allegations of the petition, namely, that the defendant knew or should have known in the exercise of ordinary care that the room which plaintiff occupied was infested with a certain deadly and poisonous insect and negligently failed and neglected to destroy it but permitted it to remain in the room during the night.

The general averments of the petition may not be permitted to control as against specific statements of fact.

The principal argument and the one upon which the right of plaintiff to go to the jury must rest, is, that the facts stated required the application of the doctrine of **res ipsa loquitur**, and would permit the jury to draw an inference of the negligence of defendant. The doctrine of **res ipsa** is applied as an exception to the ordinary rule that negligence is never presumed and is given application because from the facts and circumstances a probability arises that the defendant is negligent. There are two essentials to the application of the doctrine both of which are discussed by counsel for the parties. First, it must appear that the instrumentality which produces the injury is under the control and management of the defendant. Second, that the injury occurred under circumstances where in the ordinary course of events it would not have occurred had ordinary care been observed. It is our judgment that the facts adduced do not meet the requisites of either of the foregoing essentials.

The insect or bug which stung or bit the plaintiff was not known or identified. Where it came from, how long it had been in the room or the conditions under which it entered the room do not appear. Neither is it shown that it was in or about the bed at any time prior to the occupancy of the room or during the period of its occupancy. There is no inference to be drawn that any bug which the plaintiff or the members of her party saw in the rooms in the hotel could or did bite the plaintiff. In this situation to permit the jury to draw an inference of lack of due care on the part of the hotel company would be no more than conjecture which is not appropriate in the application of the doctrine of **res ipsa loquitur** nor to prove specific averments of negligence. **Burger v Renner Co., 2 Abs 189.** Nor does it appear in this case that the defendant had a knowledge superior to that of the plaintiff as to the cause of her injury. It is said in 45 C. J. 1211 that,

"The mere occurrence of an unusual or unexplained accident or injury, if not such as necessary to involve negligence, does not warrant the application of the doctrine."

Citing Gallagher v Edison Illuminating Co., 72 Mo. Appeals, 576, which also holds that,

"The principle does not apply to every cause of injury or accident, but only to those whose mere occurrence implies a breach of duty."

The final argument of appellant is that if she could not have been permitted to go to the jury upon the doctrine of **res ipsa,** the opening statement in conjunction with the petition made a case of specific negligence. We are of opinion that plaintiff's right to go to the jury rests upon the application of the doctrine of **res ipsa** and that the same objections which may properly be urged against the submission of the case without specific proof of negligence apply with more force to the latter claim.

It should be noted that there is no specification of any act of negligence other than these general averments seeking to invoke the doctrine of **res ipsa loquitur.**

The trial judge committed no error in directing the verdict for the defendant upon the opening statement of counsel for plaintiff.

Judgment affirmed.

GEIGER & BARNES, JJ., concur.