ELIJAH WILLIAMS *v.* MILNER HOTELS COMPANY.

MALTBIE, C. J., BROWN, JENNING, ELLS and DICKENSON, Js.

Argued December 7, 1943—decided January 27, 1944.

*Spencer A. Hoyt,* with whom, on the brief, was *Walter A. Mulvihill,* for the appellant (defendant).

*John Henry Sheehan,* with whom, on the brief, was *George W. Chisaski,* for the appellee (plaintiff).

DICKENSON, J. The assignments of error pursued in the defendant's brief relate to rulings on evidence admitting testimony of events subsequent to the date of injury, the charge on this evidence and a charge on the standard of care required of the defendant. The plaintiff's claims of proof necessary for a consideration of these assignments are as follows: The defendant operated a hotel in New Haven, and on August 27, 1942, and for a long time prior thereto the plaintiff

occupied one room in the hotel. On August 27, he was bitten by a rat while lying in bed in the night season. There were numerous ratholes in the baseboard of the room, prior to this date, and he had frequently seen rats in the room before he was bitten and had called the manager's attention to the fact. On the night he was bitten the door and windows in his room were closed and it was impossible for rats to enter through them. On the day following the defendant covered the ratholes with tin and thereafter the plaintiff, who continued to occupy the room, was never troubled with rats entering it.

The defendant claimed that its hotel was located in a highly industrialized section immediately adjacent to main-line railroad tracks; that it catered to persons of moderate means; that it employed maids to clean every room daily and a housekeeper to inspect their work; that it had employed, purely as a preventive measure, a reliable "exterminator" company which inspected the hotel monthly and pursued the usual methods, such as traps and poison, to keep rats from the hotel; that this company had never received complaints of rats being in the hotel; and, finally, that the plaintiff was not bitten by a rat and, whether he was or not, the defendant was not negligent in view of the type of hotel, its location, rates and the means taken to keep it free of vermin.

The plaintiff testified on direct examination that the defendant had made some structural changes in his room after the date he was bitten. He was asked what the defendant did and objection was made by the defendant on the ground that such evidence was only admissible to prove control, which it admitted. The plaintiff then claimed the question solely to prove control and the court admitted it for that purpose but not on the question of liability. The defendant took an

exception and the plaintiff then testified that the defendant covered the holes, where it was claimed the rats had entered, with tin.

Where control of premises is one of the issues in a case, such evidence is admissible to prove it. *Vinci* v. *O'Neill*, 103 Conn. 647, 652, 131 Atl. 408; *Aprile* v. *Colonial Trust Co.*, 118 Conn. 573, 580, 173 Atl. 237; 2 Wigmore, Evidence (3d Ed.), p. 158. The objection of the defendant to the evidence was not because control of the premises was not in issue but on the ground that, as it was admitting control, the evidence would have no place in the case. The record before us is silent as to the nature of that admission, and we are not in a position to hold that it was so direct and certain that the trial court ought to have regarded it as a judicial admission sufficient in itself to protect the rights of the plaintiff without the production of evidence. 9 Wigmore, op. cit., § 2591. Further, the trial court, both at the time of the ruling and in the charge to the jury, stated that the evidence was not to be considered upon the question of liability other than as to control.

A second assignment of error relates to the admission of photographs taken four months after the alleged bite. These purported to show tin patches on the baseboard. They were offered to indicate where the holes had been. Objection was made to their admission on the grounds that evidence of repairs was not admissible since control was admitted and that there was no allegation of ratholes in the complaint. They were admitted for the sole purpose of locating the holes. They were admissible for this purpose as corroborating the plaintiff's evidence that there were such holes, and in the absence of any motion for a more specific statement the allegations in the complaint were sufficient to justify the court in admitting them.

Another assignment, as pursued in the brief, relates to the charge of the court that the photographs were admitted for the purpose of showing an existing physical condition to aid the jury in determining whether or not, as the plaintiff claimed, there were holes in the floor at and prior to the date of the bite. This was a proper charge. The plaintiff was present when the holes were covered and could locate them by the patches he had seen put over them. That the question and answer might lead to an inference that the defendant recognized their danger and remedied it was not a valid reason for barring admission of the photographs for another and proper purpose. *Woodward* v. *Waterbury*, 113 Conn. 457, 464, 155 Atl. 825.

The final claim of error is that the trial court failed to charge that the standard of care required of an innkeeper must be considered in relation to the character of the inn. The short answer to this is that its character is not disclosed by the record other than that it was located in a highly industrial section, catered to persons of moderate means, and was adjacent to main-line railroad tracks. This was hardly enough to require, or even justify, a charge that might suggest to the jury that the defendant was under no duty to protect its guests from vermin. After explaining the claims of the parties and defining negligence generally, the trial court charged as follows: "You will determine whether the conditions which the defendant maintained here were such as would have been maintained by the person of ordinary prudence, the reasonable person who was thus managing the hotel under these circumstances." An innkeeper is required to use reasonable care to keep his inn in a reasonably safe condition for his invitees. *Adams* v. *Mohican Hotel*, 124 Conn. 400, 402, 200 Atl. 336; Beale, Innkeepers & Hotels, § 170; Goddard, Outlines Bailments & Car-

riers (2d Ed.), § 179; 28 Am. Jur. 578, 579; *Friedman v. Shindler's Prairie House, Inc.,* 224 App. Div. 232, 234, 230 N. Y. S. 44, affd., 250 N. Y. 574, 166 N. E. 329. The trial court gave the jury the accepted rule as to the defendant's duty and, in the absence of a request to charge, the instruction was adequate. *Rogoff v. Southern New England Contractors Supply Co., Inc.,* 129 Conn. 678, 692, 31 Atl. (2d) 29.

There is no error.

In this opinion the other judges concurred.