**HOFFMAN, Plaintiff-Appellant, v. CITY ICE AND FUEL COMPANY, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4422.   Decided May 31, 1951.

Henry G. Binns, Columbus, for appellant.

Vorys, Sater, Seymour & Pease, G. W. Fais, of Counsel, Columbus, for appellee.

## OPINION

By THE COURT.

The question presented on this appeal is whether the Court erred in sustaining the demurrer to the petition, the material averments of which are as follows:

"That the plaintiff 'drove his truck to the plant of the defendant for the purpose of purchasing and taking delivery of ice; that said plant and facilities including platforms and driveway were under the exclusive management and control of the defendant; that while at said plant and upon said premises for said purpose, and so engaged—in a manner and under circumstances unknown to him and about which, though requested, the defendant has refused to inform him or divulge the identity of witnesses—he was, by reason of defendant's negligence in the maintenance and operation of said plant and facilities, violently struck, hit and crushed,' etc., to his total damage in the sum of $10,839.29."

In sustaining the demurrer the trial Court was of the opinion that the petition failed to state a cause of action; that the doctrine of res ipsa loquitur did not have application for the reason that the petition did not set forth the instrumentality which caused the injury.

We have examined the well considered opinion of Judge

Randall on this question, and are in accord with the legal conclusions therein announced. This Court discussed the doctrine in the case of **Cunningham v. Neil House Hotel Co., 33 Abs 157,** holding that the instrumentality which produces the injury must be under the control and management of the defendant before it can have application. This would require that it be pleaded, which was not done.

Finding no error in the record the judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.