Pat STALTER v. COCA-COLA
BOTTLING COMPANY OF ARKANSAS
and GEYER SPRINGS FOOD CITY, INC.

84-55                                    669 S.W.2d 460

Supreme Court of Arkansas
Opinion delivered May 21, 1984
[Rehearing denied June 25, 1984.]

444

*Roy Finch,* for appellant.

*Laser, Sharp & Huckabay, P.A.,* for appellee Geyer Springs Food City, Inc.

*Friday, Eldredge & Clark,* by: *Elizabeth J. Robben,* for appellee Coca-Cola Bottling Company of Arkansas.

DARRELL HICKMAN, Justice. Pat Stalter, the appellant, was injured when a bottle fell through the bottom of a soft drink carton and broke while she was shopping at Food City, a Little Rock, Arkansas, grocery store. She sued Food City and Coca-Cola Bottling Company for damages. After hearing all the evidence, the trial court granted both appellees' motions for directed verdicts. We review the trial court's direction of a verdict by considering the evidence in a light most favorable to the non-moving party. Generally, if there is any conflict in the evidence, or we find the evidence is such that fair minded people might have different conclusions, then a jury question is presented and a directed verdict will be reversed. *Keck* v. *American Employment Agency, Inc.,* 279 Ark. 294, 652 S.W.2d 2 (1983). We find that the trial court erred in directing the verdicts and reverse and remand.

Appellant was in Food City on December 10, 1981, with her employer, shopping for groceries. She lifted a carton of one-liter Coca-Cola bottles into her basket, and as she did, one of the bottles fell through the bottom of the carton and

broke. A piece of glass went through her slacks, boot, and hose, and cut her leg. As the bottle dropped, she said that she hit her right hand against some object and injured it. She was immediately referred by a store employee to a clinic where the cut was stitched. She received other medical care later. Her employer verified her account and said that the carton was "mushy" and looked as though it had been wet for some time.

The Coca-Colas were in a display that was maintained by Coca-Cola Bottling Company. Two or three times a week the company visited the store, cleaned the shelves, and replenished and rotated the stock. A Coca-Cola employee testified that they do not manufacture the cartons they use. He said that their process insures that only a minimal amount of moisture is on the bottle when placed in the carton. Furthermore, he testified that the tensile strength of the carton is actually increased by moisture. The cartons are designed to be used three times but the employee stated that approximately half are reused and those are only reused once. Only a perfunctory visual inspection is made before reuse.

The appellant argues on appeal that the evidence should have been allowed to go to the jury on three theories: *res ipsa loquitur,* strict liability and breach of implied warranty. We find that the appellant's case should have been taken to the jury on the theories of *res ipsa loquitur* and strict liability. Counsel for Coca-Cola argues on appeal that *res ipsa loquitur* was not pleaded. That theory does not have to be pleaded and the argument was not made below to the trial court. We note here that the complaint merely stated the circumstances of the accident and that there was a defect in the carton. Various theories of liability were vaguely argued to the trial court and discussed on appeal by all parties.

*Res ipsa loquitur* is a doctrine that, when applied, allows the jury to infer negligence from the plaintiff's testimony of the circumstances surrounding the accident. W. Prosser, *The Law of Torts,* § 40 (1971). The jury is permitted but not compelled to find negligence. AMI Civil 2d 610. The procedural effect of the application of the doctrine is that the burden shifts to the defendant to go

forward with evidence to offset the inference of negligence. AMI Civil 2d, 610 Comment, *Coca-Cola Bottling Co.* v. *Jones,* 226 Ark. 953, 295 S.W.2d 321 (1956); *Coca-Cola Bottling Co.* v. *Mattice,* 219 Ark. 428, 243 S.W.2d 15 (1951). To apply the doctrine, the plaintiff must show that the injury was caused by an instrumentality under the control of the defendant, that the accident ordinarily would not happen in the absence of the defendant's negligence, and that there is no evidence of other causes of the accident. *Dollins* v. *Hartford Acc. & Ind. Co.,* 252 Ark. 13, 477 S.W.2d 179 (1972). In this case the appellant offered evidence that she was injured because of a damaged soft drink carton, that the carton was under control of both of the appellees, and that she was not at fault. In turn, Food City and Coca-Cola testified as to their procedures regarding the packaging, delivery, and sales of soft drinks.

Problems in applying *res ipsa loquitur* arise where, as in this case, there are plural defendants and, although the plaintiff has been injured through negligence, he cannot positively point to the defendant responsible. The doctrine may be applied to plural defendants. *Nichols* v. *Nold,* 174 Kan. 613, 258 P.2d 317 (1953); 1A L. Frumer and M. Friedman, *Products Liability* § 12.03[3] (1983). The difficulty in such cases is that no one of the defendants has exclusive control of the instrumentality that allegedly caused the injury. That is why the trial court refused to apply *res ipsa loquitur* in this case. The control requirement is not always equivalent to exclusive control however. More than one defendant may be liable where both have a duty to the plaintiff and share control. Restatement (Second) of Torts § 328D Comment g. Several injury cases involving soft drinks are illustrative of the position courts have taken.

In *Loch* v. *Confair,* 372 Pa. 212, 93 A.2d 451 (1953), the plaintiff was injured when a bottle of ginger ale exploded in his hand as he was lifting it from the display. He sued the store and the bottler. The appellate court found that *res ipsa loquitur* could be applied to both. The court said that once the plaintiff testified as to how the accident occurred, then the bottler could explain the methods used in bottling and the store could explain the manner in which it handled the bottles. The court stated: "It would then have been for the

jury to decide whether such explanations *satisfactorily* exculpated either or both defendants from the charge of negligence. . . ." As that court found and as we find, it would be unfair to the plaintiff and beyond his ability to establish which defendant had been negligent.

In *Nichols* v. *Nold, supra,* a soft drink bottle exploded, injuring the plaintiff. The Supreme Court of Kansas, relying on *Loch* v. *Confair, supra,* held that *res ipsa loquitur* should be applied to both the grocery store and the bottler because:

> The real test is whether defendants were in control at the time of the negligent act or omission which either at the time or later produced the accident. The fact that plaintiff did not know which one of the defendants was the cause of the accident, or when or where it took place, was the reason for naming them as parties defendant.

A different result was reached in *James* v. *Childs,* 166 So. 2d 77 (La. App. 1964). There the bottom of a soft drink carton gave way and a breaking bottle injured the plaintiff. The plaintiff sued the grocery store and the bottler. The Louisiana court held that *res ipsa loquitur* could only be applied to the bottler because the store had no duty to inspect the bottoms of the cartons, and because it was highly improbable that a customer or employee of the store caused the damage to the carton.

Although the facts of *James* v. *Childs, supra,* are very similar to those in this case, we disagree with the court's reasoning. Once the appellant explained how the accident happened, it was incumbent upon Coca-Cola and Food City to present proof that the accident was not their fault. Indeed, they both did try to shift the blame. Here, Coca-Cola admitted that they had control over the display; that they arranged it, replenished it, and otherwise maintained it. A Food City employee testified that Food City employees occasionally replaced drinks when the display was empty or replaced a carton that was out of place in the store. Beyond that evidence of shared control, both appellees also had a duty to the appellant. Food City had a duty to exercise ordinary care to maintain its premises in reasonably safe

condition. *Davis* v. *Safeway Stores,* 195 Ark. 23, 110 S.W.2d 695 (1937). Food City and Coca-Cola both had a duty to use due care in discovering obvious defects. *Kraft-Phenix Cheese Corp.* v. *Spelce,* 195 Ark. 407, 113 S.W.2d 476 (1938). The evidence of shared control of the carton, together with the duty each appellee owed the appellant, is such that the theory of *res ipsa loquitur* should have been presented to the jury. Where there are several defendants who are in control and burdened with the supervision of an instrumentality, it is for them to explain when that instrumentality injures someone. See *Schroeder* v. *City & Country Savings Bank,* 293 N.Y. 370, 57 N.E.2d 57 (1944). (Plaintiff was injured by a collapsing street barricade constructed for repairs to a bank; *res ipsa loquitur* applied against the bank, two construction companies and other defendants.) By relying on exploding bottle cases in other jurisdictions, we do not imply that in the future in exploding bottle cases, where both the manufacturer and the store are sued, we will necessarily find enough evidence to present a jury question as to the negligence of the grocery store. But where, as here, there is a defect that is discoverable through the exercise of reasonable care, we find a jury question as to both the negligence of the store and the soft drink company.

We also find that the appellant presented proof substantial enough to raise a jury question as to strict liability. To sustain a claim of strict liability, the appellant must prove (1) that she sustained damages; (2) that the defendant was engaged in the business of manufacturing or assembling or selling or leasing or distributing the product; (3) that the product was supplied by the appellee in a defective condition that rendered it unreasonably dangerous; and (4) that the defective condition was a proximate cause of appellant's damages. Ark. Stat. Ann. § 85-2-318.2 (Supp. 1983); *E. I. Du Pont De Nemours and Co.* v. *Dillaha,* 280 Ark. 477, 659 S.W.2d 756 (1983). The procedural effect of strict liability is that the plaintiff is relieved of proving any negligence of the defendant whatsoever. AMI Civil 2d, 1008 (Supp. 1982). This differs from the application of *res ipsa loquitur* which requires the defendant to go forward with evidence to offset the inference of negligence, but the primary burden of proving negligence still rests with the plaintiff. AMI Civil 2d, 610 Comment.

The appellant argues that a jury question is presented on the issue of breach of implied warranty. See Ark. Stat. Ann. §§ 85-2-315 and 85-2-314 (Add. 1961). Beyond setting out those statutory provisions, the appellant provided us with no reasoning, argument, or authority as to how the theory fits her case. Furthermore, as the appellees pointed out to the trial court, the appellant failed to plead breach of warranty. In order to state a cause of action for breach of implied warranty, an allegation of notice of the defect to the seller must be pleaded. *L. A. Green Seed Co. of Ark.* v. *Williams,* 246 Ark. 463, 438 S.W.2d 717 (1969); Ark. Stat. Ann. § 85-2-607 (3) (a) (Supp. 1983).

Each of the appellees has filed a cross-complaint against the other. It will be for the jury to determine the respective liabilities of the parties, if any. We reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.