Mary Alissa Harris KAY *v.* Thomas and Gladys KAY

91-118                                    812 S.W.2d 685

Supreme Court of Arkansas
Opinion delivered July 15, 1991

*Smith Law Firm, Ltd.*, by: *Floyd A. Healy*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.* by: *Sam Laser* and *Brian Allen Brown*, for appellees.

DAVID NEWBERN, Justice. This is a negligence case in which we review a directed verdict granted to the defendants. Mary Alissa Harris worked as a housekeeper in the home of the appellees, Thomas and Gladys Kay. Subsequent to the incident which gave rise to her claim against the Kays, she married their son and is now Mary Alissa Harris Kay, the appellant. For ease of

identification, the appellees will be referred to as "the Kays," and Mary Alissa Harris Kay will be referred to as "Mary."

Mary was bitten by a brown recluse spider while working in the Kays' home, and she sustained a serious injury and substantial medical expenses as a result of the bite. Mary's complaint alleged the Kays knew of "the presence of spiders in their home and did nothing to make the premises safe" for her. At the conclusion of Mary's case-in-chief, the Trial Court granted the Kays' directed verdict motion. We affirm the judgment because Mary's evidence was insufficient to prove the Kays failed to honor the duty they owed to Mary as an invitee in their home.

Mary testified she had observed spider webs, cobwebs, and other signs of insects in the Kays' house. She discussed the matter with the Kays who advised her they would take care of the problem. She said they did not take care of it, and when she later returned to the house to clean she was bitten by the brown recluse spider while cleaning cabinets.

Mary's husband, Danny Kay, testified he usually sprayed the Kay's home for insects and had done so for several years, but he had not been asked to spray in March of 1990.

In the course of giving his oral ruling granting the Kays' motion for directed verdict, the Trial Court stated that Mary was an employee and not an invitee. While we have no case stating flatly that an employee working on her employer's premises is an invitee, we have no doubt that is the law. In *Coleman* v. *United Fence Co.*, 282 Ark. 344, 668 S.W.2d 536 (1984), we held the plaintiff was a trespasser and contrasted an invitee as "one induced to come onto property for the business benefit of the possessor," citing W. Prosser, Law of Torts § 58 (4th ed. 1981). In *Daniel Const. Co.* v. *Holden*, 266 Ark. 43, 585 S.W.2d 6 (1979), we held that an employee of a subcontractor lost his "business invitee" status when, for a personal purpose, he stepped off the portion of the premises where his job required him to be and was injured. The clear implication was that, had the employee remained on the premises controlled by the general contractor, his status would have been that of "invitee." We have no doubt that Mary was an invitee when she was working at the Kays' residence at their invitation.

The licensee-invitee distinction was, however, not the basis of the directed verdict. The Trial Court stated that even if Mary were an invitee and thus owed the duty of ordinary care to protect her from harm, there was no evidence that the Kays violated that duty. We agree with the Trial Court's conclusion.

Cases arising from insect bites to invitees are few. The only one cited by the Kays is *Brunnell* v. *Signore*, 263 Cal. Rptr. 415, 215 Cal. App.3d 122 (4th Dist. 1989). In that case a guest in a vacation home was bitten by a brown recluse spider and sued the owner of the premises alleging negligence in failure to maintain the property properly and failure to warn of a dangerous condition. Summary judgment was awarded to the defendant. The rationale of the Court of Appeals in affirming was as follows:

> [An] owner or occupier of a private residence does not have a duty to protect or prevent bites from harmful insects where: (1) it is not generally known that the specific insect is indigenous to the area; (2) the homeowner has no knowledge that a specific harmful insect is prevalent in the area where his residence is located; (3) the homeowner has on no occasion seen the specific type of harmful insect either outside or inside his home; and (4) neither the homeowner nor the injured guest has seen the specific insect that bit the guest either before or after the bite occurred. To impose a duty under these circumstances, where the owner or occupier of the premises had no reason to anticipate or guard against such an occurrence would be unfair and against public policy. Imposition of a duty even in those cases where the homeowner shared general knowledge with the public at large that a specific harmful insect was prevalent in the area but the homeowner had not seen the specific harmful insect either outside or inside his home would impose a duty on the owner or occupier of the premises that would also be unfair and against public policy. In either of these instances, the burden on the landowner would be enormous and would border on establishing an absolute liability. Further, the task of defining the duty and the measures required of the owner or occupier of private residences to meet that duty would be difficult in the extreme.

■ A few other cases are collected in Annot., Injuries to Patron Caused by Insect, 48 ALR3d 1257 (1973). Liability to a business invitee on the basis of failure to exercise ordinary care to make premises safe or give a warning has been upheld where the same or a similar insect or rodent, which has been seen previously on the premises,caused the injury. *CeBuzz, Inc.* v. *Sniderman,* 171 Colo. 246, 466 P.2d 457 (1970) (spider); *Williams* v. *Milner Hotels Co.,* 130 Conn. 507, 36 A.2d 20 (1944) (rat). In cases where there has been an injury from such an incident but there has been no showing of knowledge on the part of the owner or occupier of the premises of the existence of the specific danger and no showing of acts or omission amounting to negligence resulting in the injury, verdicts directed in favor of the defendants have been affirmed. *Cunningham* v. *Neil House Hotel Co.,* 33 N.E.2d 859 (Ohio App. 1940); *Hillwertz* v. *Parkes,* 298 F.2d 527 (6th Cir. 1962) (applying Ohio law).

■■ In reviewing the directed verdict against her, we give Mary's evidence its strongest probative force. *See Harper* v. *Missouri Pacific R. Co.,* 229 Ark. 348, 314 S.W.2d 696 (1958). The fact that she had told the Kays of having seen evidence of insects, including spider webs, and the Kays' assurance that they would take care of the problem, do not, in our judgment, constitute the proof required in the *Brunelle* case or in the cases where liability to an invitee for an insect bite has been upheld. There was no showing that any kind of spider, much less a brown recluse, had been actually seen on the premises, nor was there evidence that such a harmful insect had ever been seen in the area in which the home was located. There was no evidence from which it could be determined how or, more importantly when, the spider came upon the premises. In these circumstances, we agree with the rationale of the California Court of Appeals that it would be unfair and a virtual declaration of absolute liability to hold the Kays responsible for Mary's injury.

Affirmed.

HAYS and BROWN, JJ., dissent.

GLAZE, J., not participating.

STEELE HAYS, Justice, dissenting. In affirming a directed verdict against the appellant, the majority relies almost entirely

on *Brunnell* v. *Signore*, 263 Cal. Rptr. 415, 215 Cal. App.3d 122 (4th Dist. 1989). But there are significant differences between this case and the *Brunnell* case. Arkansas applies the traditional common law with respect to trespassers, licensees and invitees and the duty owed them by owners and occupiers of land. *Baldwin* v. *Mosley*, 295 Ark. 285, 748 S.W.2d 146 (1988); *Davis* v. *Safeway Stores, Inc.*, 195 Ark. 23, 110 S.W.2d 695 (1937). California, on the other hand, abolished that theory of liability over twenty years ago and replaced it with a general duty of ordinary care. *Rowland* v. *Christian*, 70 Cal. Rptr. 97, 443 P.2d 561 (1968). Thus, California has a distinctly different concept of liability than Arkansas. Under the law of this state, an owner owes an invitee an affirmative duty to see that the premises are reasonably safe. AMCI 1104. *Prosser* gives this explanation of the duty owed to an invitee:

> The leading English case of *Indermaur* v. *Dames* laid down the rule that as to those who enter premises upon business which concerns the occupier, and upon his invitation express or implied, the latter is under an affirmative duty to protect them, not only against dangers of which he knows, but also against those which with reasonable care he might discover. The case was accepted in all common law jurisdictions, and the invitee, or as he is sometimes called the business visitor, is placed upon a higher footing than a licensee.
>
> * * *
>
> The occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection. But the obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm. The occupier must not only use care not to injure the visitor by negligent activities, and warn him of hidden dangers known to the occupier, but he must also act reasonably to inspect the premises to which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use of the property.

W. Keeton, *Prosser and Keeton on Torts* § 61 (5th ed. 1984).

Another material difference is that in the *Brunnell* case there was no evidence the owner had any reason to suspect that his premises presented any risk of spider bite. Whereas, the proof here is twofold: that the appellees had been told of the specific problem of spiders and had even given assurances that it would be addressed.

When the proof is given its highest probative weight, I cannot say that a directed verdict was properly granted.

BROWN, J., joins.