Leon HURST and Marvlean HURST, His Wife *v.*
Roscoe A. FEILD, Jr.; Palmer MILLER; and THE JAMES
B. GILBERT TRUST, A Partnership; TEXACO, INC.;
Lee KRIGBAUM; and Troy COLEMAN

83-206                                    661 S.W.2d 393

Supreme Court of Arkansas
Opinion delivered December 19, 1983

*McDaniel, Gott & Wells, P.A.,* by: *Phillip Wells,* for appellants.

*Reid, Burge & Prevallet,* by: *Donald E. Prevallet,* for appellees, Feild, Miller, and The James B. Gilbert Trust.

*Jack M. Short,* and *Frierson, Walker, Snellgrove & Laser,* for appellees, Texaco, Inc. and *Krigbaum.*

*Barrett, Wheatley, Smith & Deacon,* for appellee, *Coleman.*

RICHARD B. ADKISSON, Chief Justice. This suit alleged negligence of owners, lessors, and sublessors and resulting damages to sublessee for personal injuries because of failure to repair the leased premises. Based on depositions and affidavits, the Craighead County Circuit Court granted summary judgment, holding that the duty to repair rested on the sublessee, appellant Hurst. Summary judgment was granted in favor of appellees Roscoe A. Feild, Jr., Palmer Miller, and James B. Gilbert, owners; and for appellees Texaco, Inc. and Lee Krigbaum, its agent, lessor; and for appellee Tony Coleman, sublessor. Appellant Hurst, sublessee, contends the trial court erred in ruling that the appellees are entitled to summary judgment as a matter of law. We agree as to appellee Coleman.

The Texaco service station in question is located in

Jonesboro and is owned by appellees Roscoe A. Feild, Jr., Palmer Miller, and the James B. Gilbert Trust. The owners' predecessor in title, Vepale, Inc., leased the station to appellee Texaco, Inc. in 1962. By the terms of that lease, the lessor agreed to make major repairs over $50.00. In 1970 Texaco, Inc. subleased the station to appellant, Leon Hurst and he remained as proprietor and in possession until November, 1978. During this time a stone facade wall was erected on the premises. In November, 1978, the station was subleased by Texaco to appellee Coleman who then entered into an oral sublease with Hurst who remained as proprietor. On January 8, 1980, a portion of the stone facade wall collapsed causing injuries to Hurst. The subleases executed by Texaco, Inc., first to Hurst and then to Coleman, contained the agreement that the lessee would maintain the station in good repair and in a clean, safe, and healthful condition. The terms of the oral sublease from Coleman to Hurst are in dispute.

At common law the lessor owed no duty of repair of the premises to the lessee. Arkansas law follows this rule. Unless a landlord agrees with his tenant to repair the leased premises, he cannot, in the absence of statute, be held liable for repairs. *Terry* v. *Cities of Helena & W. Helena,* 256 Ark. 226, 506 S.W.2d 573 (1974); *Collision* v. *Curtner,* 141 Ark. 122, 216 S.W. 1059 (1919).

In the instant case, the lease agreements made between the owners and Texaco, Inc. and between Texaco, Inc. and Coleman are not applicable to the lease between Coleman and Hurst because of a lack of privity. Therefore, the only question is whether the terms of the oral sublease from Coleman to Hurst imposed upon Coleman a duty to repair. Appellant Hurst's affidavit was that Coleman agreed to make repairs and that Coleman told Hurst to call him if any repairs were needed. This is sufficient to raise a question of fact.

In order to be entitled to a summary judgment, the appellees had to show there was no issue of fact. All inferences are drawn against the moving party, and a summary judgment is not proper when reasonable minds

might differ as to conclusions to be drawn from the facts disclosed. *Robinson* v. *Rebsamen Ford, Inc.*, 258 Ark. 935, 530 S.W.2d 660 (1975). In granting a motion for summary judgment, the trial court must find from the pleadings, depositions, answers to interrogatories, admissions, and affidavits filed that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Purser* v. *Corpus Christi St. Nat'l Bank,* 258 Ark. 54, 522 S.W.2d 187 (1975). Accordingly, we conclude the trial court erred in granting summary judgment for the appellee Coleman.

Reversed and remanded.