14

Troy COLEMAN *v.* TEXACO, INC., et al.

84-310                                    688 S.W.2d 741

Supreme Court of Arkansas
Opinion delivered May 6, 1985
[Rehearing denied June 10, 1985.]

*Barrett, Wheatley, Smith & Deacon,* for appellant.

*Jack M. Short* and *Frierson, Walker, Snellgrove & Laser,* by: *G.D. Walker,* for appellee.

DARRELL HICKMAN, Justice. This is the second appeal of this case and concerns a procedural issue. *Hurst* v. *Feild,* 281 Ark. 106, 661 S.W.2d 393 (1983). In 1962 Vepale, Inc., built a service station in Jonesboro, Arkansas, and leased it to Texaco, the appellee. The lease provided, *inter alia,* that Texaco would be liable for repairs not exceeding $50.00. Vepale agreed to do all other repairs and to keep the premises in good repair during the term of the lease. At some point Vepale transferred its interest to Roscoe A. Feild, Jr., Palmer Miller, and the James B. Gilbert Trust. In 1970 Texaco subleased the station to Leon Hurst, who operated the station. In 1978 Troy Coleman, the appellant, subleased the station from Texaco. The lease between Coleman

and Texaco provided that Coleman would maintain the premises in good repair and in a clean, safe and healthful condition. It further stated that the lease was subject to all the covenants and restrictions contained in the lease between Texaco and Vepale. Coleman, in turn, orally subleased the station to Leon Hurst.

On January 8, 1980, a portion of the stone facade of the station collapsed and injured Hurst's neck and back. Hurst sued the property owners, Texaco, Lee Krigbaum, Texaco's representative, and Troy Coleman. Troy Coleman cross-complained against all the other defendants for contribution and indemnification in the event judgment was rendered against him. All the defendants moved for summary judgment and the cross-defendants moved to dismiss the cross-complaint. The motion to dismiss was not acted upon, but the trial court did grant summary judgment in favor of all the defendants. Hurst appealed and we reversed only as to Troy Coleman. We held in *Hurst v. Feild, supra,* that no liability could be imposed upon any of the defendants, with the exception of Coleman, because Hurst was not a party to any of the leases. We did find that there was a genuine issue of material fact as to whether the oral sublease between Coleman and Hurst imposed a duty on Coleman to repair.

Coleman continued to pursue his cross-complaint against the other defendants.[1] All the cross-defendants moved to dismiss. The court granted the motion on the basis that our decision in *Hurst* v. *Feild, supra,* had dismissed all defendants other than Coleman and that that was the law of the case. Coleman now appeals the decision only as to Texaco. We find the trial court's ruling to be error and reverse.

The only issue before us in the former appeal was whether the trial court erred in granting summary judgment in favor of all defendants. No issue was raised or decided as to Coleman's cross-complaint. Texaco concedes that the issue was not specifically discussed but argues that our disposition necessarily dismissed the cross-complaint.

■■ Texaco is right as to Coleman's claim for contribu-

---

[1] The case between Coleman and Hurst has not yet been tried.

tion. When we decided that the defendants, other than Coleman, could not be held directly liable to Hurst, we, in effect, held that they could not be liable for contribution as joint tortfeasors. There is no right to contribution from one who is not liable in tort to the injured person. See *Welter* v. *Curry*, 260 Ark. 287, 539 S.W.2d 264 (1976).

■■ Our holding did not affect the claim for indemnity. If Troy Coleman can prove, as he contends, that Texaco was liable for the repair of the wall that injured Hurst, then Texaco *might* be liable for indemnification of part or all of any judgment rendered against him in favor of Hurst. ". . . [T]he doctrine of indemnity is based upon the equitable principles of restitution which permit one who is compelled to pay money, which in justice ought to be paid by another, to recover the sums so paid unless the payor is barred by the wrongful nature of his own conduct." *Larson Machine, Inc.* v. *Wallace*, 268 Ark. 192, 600 S.W.2d 1 (1980). Such liability has been found as between lessors, lessees, and sublessees. See, e.g., *Nicks* v. *Joseph*, 82 App. Div. 2d 768, 440 N.Y.S. 2d 218 (1981); *Prescott* v. *Le Conte*, 83 App. Div. 482, 82 N.Y.W. 411 (1903), 178 N. Y. 585, 70 N.E. 1108 (1904); *Olson* v. *Schultz*, 67 Minn. 494, 70 N. W. 779 (1897).

Since our holding in *Hurst* v. *Feild, supra,* did not dismiss Coleman's cross-complaint, the case must be reversed.

Reversed and remanded.