ROBERTS AND COMPANY, INC. *v.* Francesco SERGIO
and Giovanni SERGIO, d/b/a PIAZZA SERGIO

CA 86-167                                                733 S.W.2d 420

Court of Appeals of Arkansas
Division I
Opinion delivered July 22, 1987

*Junius Bracy Cross, Jr.*, for appellant.

*Hoover, Jacobs & Storey*, by: *O.H. Storey III* and *Joyce Bradley*, for appellee.

JAMES R. COOPER, Judge. The appellant, Roberts and Company, Inc., initiated this action by filing suit against the appellees for breach of contract. The appellant alleged that the appellees had contracted with it to build a shell building and to construct a restaurant in a portion of the building. The appellant complained that the breach occurred when the appellees allowed another builder, Bill Horvath, to construct the restaurant. The appellees answered with a general denial. The appellees then filed suit against Roberts, Horvath, and their respective bonding companies alleging that the builders had breached their contracts by failing to perform in a workmanlike manner and breach of warranties. The appellees had discovered that the roof leaked and claimed damages for repair of the roof, and additional damages for the destruction of personal property due to the leaks. All of the cases were consolidated for trial. Shortly before trial, the appellees reached a settlement with Horvath, and an escrow account which had been established pending the litigation was distributed. The suit between Roberts and the appellees went to trial, and the jury awarded the appellees a judgment for $20,000.00. On appeal, the appellant argues that the trial court erred in failing to instruct the jury on the definition of substantial performance, and in refusing the appellant's request to disclose to the jury the amount of the settlement between the appellees and Horvath. We find no merit to the appellant's arguments and we affirm.

At the conclusion of the evidence, the jury was instructed as follows:

> You are instructed that a contractor is required to produce a building that is in substantial compliance with the requirements of the contract and specifications. That is to say that when the building substantially complies with the plans and specifications, it is acceptable even though there may be some deviations from the contract.

It is for you to decide if there is substantial compliance with the contract.

The instructions proffered by the appellant were essentially the same except for the following passage which was added at the end of the above instruction:

[e]ven though there may be some deviations from the contract as are inadvertant or unintentional or not due to bad faith, do not impair the structure as a whole, or remedial without doing material damage to other parts of the building in tearing down and reconstruction.

It is the appellant's contention that the proffered addition to the instruction defines the legal term "substantial compliance," and that the trial court erred in refusing to instruct the jury according to the proffered instruction.

■ The trial judge is under a duty to instruct the jury as to the law applicable in the case. *Life and Casualty Insurance Co. of Tennessee* v. *Gilkey*, 255 Ark. 1060, 505 S.W.2d 200 (1974). The instruction must be an objective statement of the law. *Hough* v. *Continental Leasing Corp.*, 275 Ark. 340, 630 S.W.2d 19 (1982). Each party to the proceeding has the right to have the jury instructed upon the law of the case with clarity and in such a manner as to leave no ground for misrepresentation or mistake. *W.M. Bashlin Co.* v. *Smith*, 277 Ark. 406, 643 S.W.2d 526 (1982). However, a party is not entitled to his particular wording of the jury instructions and a trial judge is not required to say the same thing in different words. *Hopper* v. *Denham*, 281 Ark. 84, 661 S.W.2d 379 (1983); *Hough, supra.*

■ We hold that the instruction given by the trial court was adequate. Substantial performance cannot be determined by a mathematical rule relating to the percentage of the cost of completion. *Pickens* v. *Stroud*, 9 Ark. App. 96, 653 S.W.2d 146 (1983), and the issue of substantial performance is a question of fact. *Prudential Insurance Co.* v. *Stratton*, 14 Ark. App. 145, 685 S.W.2d 818 (1985). In the case of a building contract, it is not easy to find the ratio between the unperformed part of the contract and the full promised performance. The difference may be in quality of workmanship and materials. 3A Corbin, *Corbin on Contracts* § 705 (1951). Corbin goes on to discuss degree of

deviation, degree of frustration of purpose and the degree and value of the nonperformance. 3A Corbin, *Corbin on Contracts* §§ 705 and 706 (1951). The restatement discusses substantial performance in terms of the materiality of the failure to perform. *See* Restatement (Second) of Contracts §§ 237 and 241 (1979). It is clear that there is no precise formula to use to instruct a jury as to when there is substantial performance. We find that the instruction used by the trial court clearly explained to the jury the proper standards to use in order to decide the issue of substantial performance.

The appellant next argues that the amount of the settlement between Horvath and the appellees should have been disclosed to the jury or, in the alternative, the judgment against the appellant should have been reduced by the amount of the settlement. Again, we disagree.

The theory of the appellant's defense was that it was Horvath's workmen who damaged the roof, not its workmen. There was extensive testimony as to who was on the roof, who actually worked on the roof, and at what point in time the damage occurred. In order words, the appellant is requesting contribution and cites the Uniform Contribution Among Tortfeasors Act, Ark. Stat. Ann. §§ 34-1001 through 34-1009 (Repl. 1962). However, the appellant's argument is flawed in two respects. First, even though the appellees pled breach of warranty, the case at bar was limited to an action for breach of contract and the Act applies only to persons liable for torts. *Coleman* v. *Texaco*, 286 Ark. 14, 688 S.W.2d 741 (1985). Second, it must appear that, at least originally the person seeking contribution and the person from whom contribution is sought must have been under a common legal liability to the injured party. *Welter* v. *Curry*, 260 Ark. 287, 539 S.W.2d 264 (1976). Any liability on Horvath's part arose under a contract separate and apart from the contract the appellant had with the appellees.

The jury was instructed that, if Horvath's acts intervened and caused damage, then the appellant's acts were not a proximate cause of the damage. Because there was extensive testimony on the issue of Horvath's actions, and because the jury was properly instructed, we find no error in the trial court's refusal to inform the jury of the amount of the settlement or in its

refusal to reduce the judgment.

Affirmed.

CORBIN, C.J., and MAYFIELD, J., agree.