Helen MAJEWSKI *v.* Leona CANTRELL and Frank B. HENSLEE

87-118 737 S.W.2d 649

Supreme Court of Arkansas
Opinion delivered October 19, 1987

*R.W. Laster*, for appellant.

*Everett O. Martindale*, for appellee Leona Cantrell.

*Jones & Petty*, for appellee Frank Henslee.

TOM GLAZE, Justice. Appellant, Helen Majewski, owned a building that she leased to appellee, Frank B. Henslee, who used the building to operate a take-out seafood business and a catfish restaurant. On October 19, 1983, appellee, Leona Cantrell, an employee of Henslee, injured her back by slipping and falling on a wet spot on the restaurant kitchen floor. In December 1984, Cantrell sued Majewski, alleging the wet, slippery floor was caused by rainwater that entered through the building's roof, which Majewski negligently failed to repair. Majewski answered, denying liability, and moved for summary judgment, which was denied; she then filed a cross-complaint against Henslee, alleging he was responsible for repairs and maintenance to the building. Henslee answered and counterclaimed against Majewski. After a two-day trial, the jury found against Majewski, awarding $125,000 in damages to Cantrell and granting $1,250 to Henslee on his counterclaim.

Appellant appeals, arguing the court erred in denying (1) her motion for summary judgment; (2) her motion for a directed verdict at the conclusion of the testimony; and (3) her motion for judgment n.o.v. and a new trial. She also urges the jury's award to Cantrell was excessive. We affirm.

Majewski's first three points for reversal are premised on her claim that, at the time Cantrell was injured, no lease agreement existed between Henslee and Majewski requiring her to repair and maintain the building's roof. She argues the initial-written lease with Henslee, under which Majewski agreed to make such

repairs, had long expired. Majewski contends that, upon that lease's expiration, Henslee became a month-to-month tenant to whom she owed no duty of repair.

Majewski is correct that a lessor, under common-law rule that Arkansas follows, owes no duty of repair of the premises to the lessee; but it is also true that a landlord, who agrees to such repairs, can be held liable for them. *See Hurst* v. *Field*, 281 Ark. 106, 661 S.W.2d 393 (1983).

While Majewski argues otherwise on appeal, the proof presented below reflects she had agreed to repair and maintain the roof. Henslee testified such an agreement existed, and Majewski never denied it.[1] In fact, Majewski admitted she had sent a worker to fix the roof on numerous occasions both before and after Cantrell's fall. Clearly, the record belies Majewski's argument that she had no agreement or duty to repair the tenant's (Henslee's) roof.

Even assuming she entered such an agreement, Majewski contends Cantrell was only a licensee to whom Majewski owed a duty of care not to willfully or wantonly injure. *See Webb* v. *Pearson*, 244 Ark. 109, 424 S.W.2d 145 (1968). Based on that premise, Majewski further argues the evidence was wholly insufficient to support a jury's finding that she was guilty of willful and wanton conduct. The sufficiency of evidence question not-withstanding, Majewski is wrong on the law regarding the duty she owed Cantrell, an injured-third-party employee of Henslee.

Early Arkansas case law recognized that an owner-lessor, who agreed to furnish all repairs, could be found negligent and liable to an injured third party. *See Collison* v. *Curtner*, 141 Ark. 122, 216 S.W. 1059 (1919). The majority rule, which controls the facts here, is best set forth in the Restatement (Second) of Property § 17.5:

> A landlord is subject to liability for physical harm caused to the tenant and others upon the leased property

---

[1] Majewski also argues any lease agreement between the parties violated the Statute of Frauds and was unenforceable; she failed, however, to specifically plead the Statute of Frauds as an affirmative defense and she is unable to rely on the defense now. *See Vaughan* v. *Sutton*, 236 Ark. 310, 365 S.W.2d 863 (1963).

with the consent of the tenant or his subtenant by a condition of disrepair existing before or arising after the tenant has taken possession if: (1) the landlord, as such, has contracted by a promise in the lease or otherwise to keep the leased property in repair; (2) the disrepair creates an unreasonable risk to persons upon the leased property which the performance of the landlord's agreement would have prevented; and (3) the landlord fails to exercise reasonable care to perform his contract.

*See also* Restatement (Second) of Torts § 357 (1965); W. Keaton, *Prosser and Keaton on Torts* § 63 (5th ed. 1984); J. Page, *The Law of Premises Liability* § 9.8 (1976).

 The court gave instructions to the jury which correctly stated the law, including that pertaining to comparative fault. Our examination of the record reflects sufficient evidence to support a jury's finding that Majewski did, indeed, agree to repair the roof of the building she rented Henslee, that she repeatedly failed to repair the roof, and that such disrepair permitted rainwater inside the building, causing an unreasonable risk to, and proximately causing the injury sustained by, Cantrell. Accordingly, the trial court, in denying Majewski's summary judgment motion, was correct in determining material factual issues existed. The court, too, in finding sufficient evidence to deny Majewski's directed verdict motion, also correctly denied her motion for judgment notwithstanding the verdict based upon insufficiency of the evidence. We note appellant's additional reference to a motion for new trial when discussing the sufficiency of evidence, and take this opportunity to mention our amendment of ARCP Rule 50(e) that omitted any reference to the motion for new trial. That amendment makes it clear that a party must test the sufficiency of the evidence by motions for directed verdict and judgment notwithstanding the verdict, not by a motion for new trial. *See In Re: Amendments to the Rules of Civil Procedure,* 279 Ark. 470, 651 S.W.2d 63 (1983).

██ Appellant's last point is that the jury's award of $125,000 was excessive. We cannot agree. The law is well settled that a jury's verdict will ordinarily not be disturbed on appeal unless it is wholly without support in the evidence, or it may be said to be the result of passion or prejudice, or to shock the

conscience or a sense of justice. *Price* v. *Watkins*, 283 Ark. 502, 678 S.W.2d 762 (1984).

At trial, Cantrell, a woman in her early 50's, testified she is in constant pain, has trouble sleeping, and has been unable to work since the accident. Before her fall, she sometimes worked more than one job and averaged about $300 per week in wages and tips. Cantrell said she used to go out every chance she got and that she danced, fished and enjoyed all outdoor sports. Now, she says her neck hurts even when she knits. She lives with her son and daughter-in-law, and they and her other relatives take care of most household chores. She said her doctor bills were over $3,500. Her relatives supported her testimony, stating before the accident, she was very active but now she is depressed and cannot perform even minor tasks. One of her doctors, Dr. Lipscomb, stated he never found anything objectively wrong with Cantrell, but gave her a 5% permanent impairment rating.

Because we cannot say the proof fails to support the amount awarded, and finding no passion or prejudice or other improper influence, we believe the verdict should stand. *Price, supra.*