Kim L. LIVELY *v.* LIBBEY MEMORIAL PHYSICAL MEDICINE CENTER, INC.

92-398                                                        841 S.W.2d 609

Supreme Court of Arkansas
Opinion delivered November 9, 1992

*Wright, Chaney, Berry, & Daniel, P.A.*, by: *Benny M. Tucker*, for appellant.

*Friday, Eldredge and Clark*, by: *William M. Griffin, III* and *Sarah J. Heffley*, for appellee.

DAVID NEWBERN, Justice. This is a premises liability case in which the Trial Court granted summary judgment in favor of the premises owner, Libbey Memorial Physical Medicine Center, Inc. (Libbey Memorial). The appellant, Kim Lively, argues the Trial Court erred in determining there were no remaining material issues of fact with respect to whether she was a licensee when she was injured on Libbey Memorial's property and whether Libbey Memorial breached its duty owed to her. We hold there were remaining material issues of fact, and thus we reverse and remand. Ark. R. Civ. P. 56(c).

Evidence before the Trial Court in the form of discovery documents and affidavits revealed these facts. Libbey Memorial is a business in Hot Springs providing medical and exercise services to the public. Its facilities are open to members and non-members for a fee. At the time of the accident Lively was an employee of Libbey Memorial.

Libbey Memorial maintains whirlpool baths powered by jet pumps mounted along the sides of the pool. Intake suction pipes are located below the surface of the water. On a day when she was not working, Lively went to Libbey Memorial to use the whirlpool, and while doing so, her hair was sucked into an intake pipe. Although Lively's hair was fastened to the top of her head, she believed a few strands got loose and were sucked into the pipe. After hearing Lively cry for help, another patron shut off the whirlpool machines. Some of her hair was cut off because it could not be extricated from the suction pipe. She claimed she almost drowned as a result of the incident.

Lively admitted being aware of a sign in the pool area warning patrons to keep a certain distance away from the whirlpool jets. Although she could not be certain, she believed the sign said to stay ten or fifteen inches away from the jets. She explained, however, that she did not know to keep a distance away from the underwater suction. She stated she was inexperienced in using whirlpools and did not know about the suction pipes located below the surface of the water. There was also evidence of a small sign in the women's dressing room warning women who had long hair to either put their hair up or wear a bathing cap while using the whirlpool. Lively stated she had not seen that warning.

Lively filed suit against Libbey Memorial claiming she was an invitee on the premises at the time of the accident. She alleged Libbey Memorial's negligence caused her to suffer serious injuries and requested $250,000 in compensatory damages. With respect to her punitive damages claim, Lively stated Libbey Memorial was on actual notice that two other, similar incidents had occurred prior to her accident and, despite this knowledge, Libbey Memorial took no action to protect Lively or the general public from injury. She contended this conduct showed "an utter indifference to, and a conscious disregard for, the safety of others," and Lively claimed entitlement to $500,000 in punitive damages.

Libbey Memorial moved for summary judgment on the grounds that Lively was a mere licensee and the complaint did not allege willful or wanton conduct. Libbey Memorial supported its motion with Lively's deposition statement that she did not believe anyone at Libbey Memorial intentionally injured her.

In response, Lively produced the deposition of the president of Libbey Memorial, Dewey Crow, who said allowing employees to use the whirlpool facilities free of charge was a fringe benefit of employment. Lively argued she was an invitee because Libbey Memorial received an economic benefit from her use of the whirlpool. She contended that by offering employees the use of the facilities free of charge, Libbey Memorial was better able to attract and retain employees and minimize out-of-pocket expenses.

The Trial Court stated there was no evidence that Libbey Memorial derived any economic benefit by allowing employees to

use the whirlpool facilities during non-work hours. The use was merely gratuitous. The Trial Court thus held Lively was a licensee and Libbey Memorial owed no duty except to refrain from injuring her through willful or wanton conduct. The Trial Court also recognized that Libbey Memorial owed Lively the duty to warn of hidden dangers if she did not know, or had no reason to know, of the condition or risk involved.

The Trial Court reasoned (1) willful or wanton conduct was not pleaded and there was no evidence of such conduct, (2) there were no hidden dangers of which Libbey Memorial was obligated to warn Lively, (3) she had used the whirlpool on numerous occasions prior to the accident, and (4) she was aware of the sign warning patrons to keep a distance from the whirlpool jets.

### 1. Lively's status

Lively first argues there were material questions of fact as to whether she was an invitee and it was reversible error for the Trial Court to determine she was a licensee as a matter of law. The burden of proving that there is no genuine issue of material fact is upon the summary judgment movant, and all proof submitted must be viewed in a light most favorable to the party resisting the motion. Any doubt and all inferences must be resolved against the moving party. *Carmichael* v. *Nationwide Life Ins. Co.*, 305 Ark. 549, 810 S.W.2d 39 (1991).

We have defined "invitee" as "one induced to come onto property for the business benefit of the possessor." *Kay* v. *Kay*, 306 Ark. 322, 812 S.W.2d 685 (1991); *Coleman* v. *United Fence Co.*, 282 Ark. 344, 668 S.W.2d 536 (1984). A "licensee" is one who goes upon the premises of another with the consent of the owner for one's own purposes and not for the mutual benefit of oneself and the owner. *Tucker* v. *Sullivan*, 307 Ark. 440, 821 S.W.2d 440 (1991).

In *Tucker* v. *Sullivan, supra,* citing *Restatement (Second) of Torts* § 332 (1965), we recognized an invitee may either be a public invitee or a business visitor. A public invitee is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public. A business visitor is invited to enter or remain on land for a purpose directly or indirectly connected with the business dealings of the possessor of

the land.

Lively contended that allowing employees to use the facilities free of charge as a fringe benefit better enabled Libbey Memorial to attract prospective employees and retain them. We cannot agree that there were no material questions of fact presented as to whether Libbey Memorial obtained a potential business benefit from Lively's use of the whirlpool baths.

Libbey Memorial argues *St. Louis I.M. & S Co. v. Pyles*, 114 Ark. 218, 169 S.W.2d 799 (1914), is directly on point and requires an affirmance of the Trial Court's decision that Lively was a licensee. Pyles was an employee of the defendant railroad company. His duties included traveling with supply cars and distributing oil. On a Saturday night, Pyles had traveled from El Dorado to Gurdon and was en route to Argenta the next day. Pyles obtained permission from his foreman to leave the cars at Gurdon and travel to Argenta on Saturday night instead of waiting for the cars to be transported on Sunday. The railroad company had furnished Pyles a pass allowing him to ride on all trains.

As Pyles was running down a path located between the main track and a sidetrack in an attempt to board a train bound for Little Rock, he stumbled on a pile of coal and fell under a slowly moving freight train. Pyles sued the railroad company for negligence in allowing the pile of coal to remain on the path. In finding Pyles to be a mere licensee when using the path, we stated,

> There is not the slightest evidence to indicate that the pathway was used in a way that an invitation can be implied on the part of the railway company to the public or its employees to use it. The use was, at the most, merely permissive, and those who used it were licensees, who took the privilege with its concomitant peril.

Lively offered to prove her use of the whirlpool facility as a fringe benefit was more than merely permissive. A factual issue thus remained in that respect.

### 2. Duty owed to licensee

Lively next contends that even assuming the Trial Court correctly found she was a licensee as a matter of law, there

were material questions of fact as to whether Libbey Memorial breached the duty owed to her. A landowner owes a licensee the duty to refrain from injuring him or her through willful or wanton conduct. *King v. Jackson*, 302 Ark. 540, 790 S.W.2d 904 (1990); *Baldwin v. Moseley*, 295 Ark. 285, 748 S.W.2d 146 (1988). If, however, a landowner discovers a licensee is in peril, he or she has a duty of ordinary care to avoid injury to the licensee. This duty takes the form of warning a licensee of hidden dangers if the licensee does not know or have reason to know of the conditions or risks involved. *King v. Jackson, supra.*

To support her argument that Libbey Memorial engaged in willful or wanton conduct, Lively produced evidence that the president of Libbey Memorial knew of at least one similar incident which had previously occurred involving a woman named Donna. In deposition testimony, Dewey Crow admitted he knew of an accident involving a woman named Donna which had occurred shortly before Lively's alleged accident. Donna's physician called Crow after the accident and told him Libbey Memorial should put up more signs in the pool area to make it more obvious that the whirlpool could be dangerous. Crow failed to take any further precautionary steps to avoid injury.

Despite this evidence, the Trial Court held there was no material issue of fact regarding whether Libbey Memorial acted willfully or wantonly. To constitute willful or wanton conduct, there must be a course of action which shows a deliberate intention to harm or which shows utter indifference to, or conscious disregard of, the safety of others. *Daniel Const. Co. v. Holden*, 266 Ark. 43, 585 S.W.2d 6 (1979); AMI Civ. 3d 1101 (1989). Our view of it is that Lively's statement that she did not think anyone at Libbey Memorial intentionally injured her does not settle the issue with respect to that standard of care. A question of fact remained whether Libbey Memorial acted with utter indifference to, or conscious disregard of, the safety of others.

Not only must a landowner refrain from injuring a licensee through willful or wanton conduct, he or she must also warn a licensee of hidden dangers if the licensee does not know or have reason to know of the risk. The Trial Court noted Lively's awareness of the sign requiring she stay 10 to 15 inches away from

the pump.

■    A jury could have determined that the dangers associated with the underwater suction were hidden or not easily recognized. Summary judgment is inappropriate when there are disputed issues of fact. Although Lively admitted being aware of a sign warning her to stay a certain distance away from the whirlpool jets, there is no evidence that she understood this meant to stay away from the underwater suction. Lively said she did not know there were suction pipes located below the surface of the water. It cannot be stated that as a matter of law Lively was aware of the risk presented. A jury could conclude there was a hidden danger of which Lively was unaware and of which Libbey Memorial was obligated to warn. The adequacy of the warnings in evidence remained at issue. *Rowland* v. *Gastroenterology Assoc., P.A.*, 280 Ark. 278, 657 S.W.2d 536 (1983).

■    Libbey Memorial contends Ark. Code Ann. § 18-11-305 (1987) provides immunity to landowners who allow "any person" to use their property for recreational purposes free of charge. The Trial Court did not rule on the applicability of the Statute, thus we will not consider it on appeal. *See, e.g., Gatlin* v. *Gatlin*, 306 Ark. 146, 811 S.W.2d 761 (1991); *McDonald* v. *Wilcox*, 300 Ark. 445, 780 S.W.2d 17 (1989).

Reversed and remanded.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. This case was submitted to the trial court on motion for summary judgment with extensive supporting and opposing materials. The trial court determined that appellant had used the appellee's walk-in hot water pool with whirlpool on numerous prior occasions and was warned by a sign in place near the whirlpool intake advising users to stay at least twelve inches from the pumps. In response to appellant's claim that she was an invitee, the trial court determined that appellant had failed to establish that she had come on the premises for the business benefit of the appellee, citing *Coleman* v. *United Fence Company*, 282 Ark. 344, 668 S.W.2d 536 (1984). The trial court noted an absence of any proof that appellant was induced to accept employment because of the whirlpool and that its permissive use was nothing more than a gratuitous act by the appellee.

*See Garrett* v. *Arkansas Power & Light Co.*, 218 Ark. 575, 437 S.W.2d 895 (1951), where we said:

> It is sometimes difficult to distinguish between an invitee and a licensee, especially where each is implied, but a rule to do so was quoted with approval in the case of *Knight* v. *Farmers' & Merchants' Gin Co.*, 159 Ark. 423, 252 S.W. 30, as follows: "It is not always clear under a given state of facts as to what inference may be drawn as to a person being a licensee or an invitee but one of the sure tests is whether or not the owner of the premises is interested in the presence of the visitor."

The trial court also rejected the alternative argument that appellant was a licensee. That contention was not pled but was raised orally and rejected on the ground that no evidence of wanton conduct by the appellee was pled or demonstrated. *King* v. *Jackson*, 302 Ark. 540, 790 S.W.2d 904 (1990).

Appellant has not shown the trial court's rulings to have been erroneous and I believe summary judgment was appropriate.