Charles R. BADER, as Father and Next Friend of
Jennifer Nicole Bader, a Minor
*v.* Gene LAWSON and Sharon Lawson, His Wife

94-1440                                                    898 S.W.2d 40

Supreme Court of Arkansas
Opinion delivered May 22, 1995

*Annie Powell* and *Eddie N. Christian*, for appellant.

*Jones, Gilbreath, Jackson & Moll*, by: *Robert L. Jones, III,* and *Charles R. Garner, Jr.,* for appellees.

DAVID NEWBERN, Justice. Jennifer Bader, the eight-year-old daughter of the appellant, Charles Bader, was injured as the result of jumping off a trampoline belonging to Gene and Sharon Lawson, the appellees. Mr. Bader sued the Lawsons for negligence. The Lawsons contended Jennifer was a mere licensee to whom

they owed only a duty not to engage in willful or wanton conduct. Mr. Bader contended Jennifer was an invitee to whom the Lawsons owed a duty of ordinary care. The Lawsons' motion for summary judgment was granted. Mr. Bader contends summary judgment was improper due to remaining genuine issues of material fact. Ark. R. Civ. P. 56(c). We affirm the summary judgment.

The Baders and the Lawsons are neighbors. Mr. Bader and Mr. Lawson were in their front yards when Jennifer's accident occurred in the Lawsons' backyard. Mr. Bader was aware that Jennifer was using the trampoline. She was jumping on the trampoline with her two brothers, the Lawsons' three children, and Mike Emmert, a friend of the Lawson family. Some of the children began jumping from the trampoline to the ground. When Jennifer attempted the same feat she fractured her left arm and dislocated her elbow.

Mr. Bader alleged the Lawsons were negligent in several respects including failing to supervise Jennifer while she was jumping on the trampoline, failing to warn Jennifer of the danger, providing a condition or activity which they knew or should have known involved a risk of harm to children, and providing a condition or activity which they reasonably should have known would attract children. In their answer denying liability the Lawsons admitted there was a warning sticker on the trampoline which stated "WARNING — USE UNDER PARENTAL SUPERVISION AT ALL TIMES."

Attached to the summary judgment motion were excerpts of deposition testimony of Jennifer and of Charles Bader and Mr. Lawson. The Lawsons contended in their motion that there were no material issues of fact in dispute and no evidence supporting the allegations of negligence proximately causing the accident. Mr. Bader responded with an excerpt from Mr. Lawson's deposition in which he admitted that Jennifer had permission to jump on the trampoline and that if he, Mr. Lawson, had been in the backyard he would have told the children to stop jumping from the trampoline onto the ground.

### 1. Jennifer's status

Mr. Bader contends factual issues remain which are relevant to determining whether Jennifer was a licensee or an invi-

tee. He bases the contention on deposition testimony that the children of the two families often entertained each other and that each family from time to time looked after the children of the other, thus conferring economic benefits on one another.

We have defined "invitee" as "one induced to come onto property for the business benefit of the possessor." *Lively* v. *Libbey Mem. Physical Med. Ctr.*, 311 Ark. 41, 841 S.W.2d 609 (1992); *Kay* v. *Kay*, 306 Ark. 322, 812 S.W.2d 685 (1991); *Coleman* v. *United Fence Co.*, 282 Ark. 344, 668 S.W.2d 536 (1984). A "licensee" is one who goes upon the premises of another with the consent of the owner for one's own purposes and not for the mutual benefit of oneself and the owner. *Lively* v. *Libbey Mem. Physical Med. Ctr., supra*; *Tucker* v. *Sullivan*, 307 Ark. 440, 821 S.W.2d 470 (1991).

In the *Tucker* case, a young woman brought a negligence action against the man with whom she was living, claiming she was an invitee owed the duty of ordinary care. She contended the defendant benefitted from her presence as she made house payments and paid utility bills and other living expenses. We held summary judgment in favor of the defendant was proper because the plaintiff presented no evidence to show her presence at the defendant's property was other than "primarily social." Her claim of having conferred an economic benefit was certainly stronger than that asserted in this case by Mr. Bader.

We again decline to expand the "invitee" category beyond that of public or business invitee to one whose presence is primarily social. There is no factual dispute the resolution of which might result in a holding that Jennifer Bader was an "invitee" as we have defined the term.

### 2. Duty

Mr. Bader also claims that, even if Jennifer's status was that of a licensee, a material question of fact exists as to whether the Lawsons breached the duty of care which was owed to Jennifer. The question of the duty, if any, owed by one person to another is always a question of law and never one for the jury. *Lovell* v. *St. Paul Fire and Marine Ins.*, 310 Ark. 791, 839 S.W.2d 222 (1992).

A landowner owes a licensee the duty to refrain from

injuring him or her through willful or wanton conduct. *Lively* v. *Libbey Mem. Physical Med. Ctr., Inc. supra; King* v. *Jackson*, 302 Ark. 540, 790 S.W.2d 904 (1990); *Baldwin* v. *Moseley*, 295 Ark. 285, 748 S.W.2d 146 (1988). To constitute willful or wanton conduct, there must be a course of action which shows a deliberate intention to harm or utter indifference to, or conscious disregard of, the safety of others. If, however, a landowner discovers a licensee is in peril, he or she has a duty of ordinary care to avoid injury to the licensee. The duty takes the form of warning a licensee of hidden dangers if the licensee does not know or have reason to know of the conditions or risks involved. *Lively* v. *Libbey Mem. Physical Med. Ctr., Inc., supra; King* v. *Jackson, supra.* None of these descriptions of conduct applies to the Lawsons, given the evidence before the Trial Court.

### 3. Attractive nuisance

■ One who maintains upon one's premises a condition, instrumentality, machine, or other agency which is dangerous to children of tender years by reason of their inability to appreciate the peril, and which may reasonably be expected to attract children of tender years to the premises, is under a duty to exercise reasonable care to protect them against the dangers of the attraction. *See Cooper, Adm'r* v. *Diesel Service Et. Al.*, 254 Ark. 743, 496 S.W.2d 383 (1973). That is the "attractive nuisance doctrine" which was effectively pleaded in Mr. Bader's complaint but not addressed in the summary judgment motion or the Trial Court's ruling. Mr. Bader asks that we remand the case for consideration of that point. We decline to do so.

In his response to the Lawsons' summary judgment motion, Mr. Bader addressed only the matter of Jennifer's status as a licensee or invitee and his allegation that the Lawsons were negligent in failure to supervise the children using the trampoline. No reference to the attractive nuisance doctrine appears.

■ In *Oglesby* v. *Baptist Medical Sys.*, 319 Ark. 280, 891 S.W.2d 48 (1995), Ms. Oglesby alleged medical malpractice and battery resulting from an injection she was given, but which had not been prescribed for her, while she was a patient in the defendant hospital. Motions for partial summary judgment addressing the malpractice claim were granted and the case "dismissed" without consideration of the battery claim. Refusing Ms.

Oglesby's request that the case be remanded for consideration of the battery claim we said:

> Common sense but also judicial economy dictate such a result in light of the fact that this issue could have been readily resolved by timely motion to the trial court.
>
> Because no effort was made by Oglesby to move to obtain a ruling from the trial court based on its seeming failure to hear and determine the battery claim, we consider the issue waived. *Parmley* v. *Moose*, 317 Ark. 52, 876 S.W.2d 243 (1994).

By failing to raise the attractive nuisance claim in the context of the summary judgment motion and response, Mr. Bader waived it.

Affirmed.