PHILLIP T. WHITEAKER, Judge
Paul Noel appeals from a Garland County Circuit Court order granting summary judgment in favor of Jim Cox and Larry Busby, as representatives of Majestic Lake Village POA (collectively "POA") on his personal-injury claim. We reverse and remand because there are unresolved questions of fact in this case rendering summary judgment inappropriate.
I. Facts and Procedural History
The Majestic Lake Village POA consists of a collection of single-family townhomes and certain common areas owned by all the homeowners via the POA.[1] Noel is not a homeowner within the POA. He resides in a subdivision adjacent to the POA. Noel is friends with Timothy Boettger and Greg Smith, who own two of the townhomes located within the boundaries of the Majestic Lake Village POA. At times, Noel would visit the homes of Boettger and Smith. To visit Boettger and Smith, Noel would access the POA property through a gate that adjoins his subdivision and walk down a common area owned by the POA. This common area contains a boardwalk that runs along the lake. In certain areas along the boardwalk, the POA maintains retaining walls. As part of its maintenance, however, the POA did not include any guard rails, fencing, or other barriers along the retaining walls.
In July 2016, Noel was injured after falling off a retaining wall in the common area of the POA after visiting with Boettger and Smith. On the night of the accident, Noel walked from his home to Smith's home using the boardwalk in question. The path that Noel traveled also included the retaining wall at issue. Shortly thereafter, Smith and Noel walked over to Boettger's home where they sat on Boettger's back deck and talked. At approximately 10:00 p.m., Noel headed home, walking down the back stairs from the Boettger home to a landing area where the boardwalk is located. In the dark, he fell over the retaining wall onto the boardwalk, sustaining an injury.
Noel filed suit against the POA, alleging that the POA did not exercise ordinary care because it failed to install a guard or *513 rail on the top of the retaining wall. The trial court ultimately granted summary judgment to the POA, finding that, as a matter of law, Noel's status was that of a licensee, that the POA's only duty was to warn Noel of hidden dangers, and that Noel was admittedly aware that the retaining wall lacked a guard rail. Noel appeals the trial court's summary-judgment order, arguing that he was an invitee, not a licensee; that the POA had assumed a duty of ordinary care to fix any dangerous conditions; and that there were genuine issues of material fact as to whether the retaining wall was an open and obvious danger to Noel.
II. Standard of Review
Our standard of review in summary-judgment cases is well settled. Our court need only decide if the grant of summary judgment was appropriate based on whether the evidence presented by the moving party left a material question of fact unanswered. Moses v. Bridgeman , 355 Ark. 460, 139 S.W.3d 503 (2003). Here, the POA was the moving party and bore the burden of sustaining a motion for summary judgment. Id. We must view all proof in the light most favorable to the resisting party-Noel-and any doubts and inferences must be resolved against the moving party-the POA. Id. The POA, as the moving party, is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. Summary judgment should not be granted when reasonable minds could differ as to the conclusions that can be drawn from the facts presented. Id.
III. Analysis
Noel's claim is one of negligence. In order to prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's damages. Branscumb v. Freeman , 360 Ark. 171, 200 S.W.3d 411 (2004).
In this negligence action, we must consider whether the POA owed any duty to Noel and, if so, what duty was owed. Young v. Paxton , 316 Ark. 655, 873 S.W.2d 546 (1994). Duty is a concept that arises out of the recognition that the relationship between individuals may impose on one a legal obligation for the other. Yanmar Co. v. Slater , 2012 Ark. 36, 386 S.W.3d 439. The duty owed by one person to another is always a question of law and never one for the jury. Kowalski v. Rose Drugs of Dardanelle, Inc. , 2011 Ark. 44, 378 S.W.3d 109 ; Moses, supra. We review questions of law de novo. Gulfco of La. v. Brantley , 2013 Ark. 367, 430 S.W.3d 7.
With regard to premises liability, Arkansas courts recognize three basic categories of persons present on another's property: trespasser, licensee, and invitee. A landowner's duty to a person alleging injury varies. We adhere to common-law distinctions between the duties owed to these three categories of persons. Baldwin v. Mosley , 295 Ark. 285, 748 S.W.2d 146 (1988). Here, Noel was clearly not a trespasser at the time of his injury; therefore, the issue becomes whether he was an invitee or a licensee. When determining whether a visitor qualifies as either an invitee or a licensee, it is important to look to the purpose of the visit and the property owner's invitation. Slavin v. Plumbers & Steamfitters Local 29 , 91 Ark. App. 43, 207 S.W.3d 586 (2005).
Noel in his own pleadings informed the trial court that he was a friend of Boettger *514 and Smith, that he was visiting them in their homes on the night of the injury, and that their homes are located within the POA. The trial court here determined that Noel was a social guest and, therefore, a licensee. Noel disagrees and makes the argument that while he was a social guest of Smith and Boettger, he was an invitee of the POA for purposes of ingress and egress. His argument, while creative, is not compelling.
A licensee is one who goes on the premises of another with the consent of the owner for one's own purposes and not for the mutual benefit of oneself and the owner. Heigle v. Miller , 332 Ark. 315, 965 S.W.2d 116 (1998). Our supreme court has generally held that a person who is on the property primarily as a social guest is deemed to be a licensee. Id. An invitee, in contrast, is one induced to come onto property for the business benefit of the possessor. Bader v. Lawson , 320 Ark. 561, 898 S.W.2d 40 (1995). There are two types of invitees: public and business. A public invitee is invited to enter or remain on the property as a member of the public for a purpose for which the property is held open to the public, such as a hospital or a library. Lively v. Libbey Mem'l Physical Med. Ctr., Inc. , 311 Ark. 41, 841 S.W.2d 609 (1992). A business invitee is invited to enter or remain on the property for a purpose directly or indirectly connected with the business dealings of the possessor of the property. Id. Our supreme court has declined to expand the definition of invitee beyond that of a public or business invitee to one whose presence is primarily social. Heigle , supra ; Bader , supra.
We have also addressed this area in Lloyd v. Pier West Property Owners Association , 2015 Ark. App. 487, 470 S.W.3d 293. There, we held that a social guest of a condominium owner who was injured while on the common area of POA property was a licensee, not an invitee. This case is no different, and under our case law, Noel was a licensee. We agree with the trial court in this ruling.
Since Noel was a licensee, what duty did the POA owe him? Generally, a landowner owes a licensee the duty to refrain from injuring the licensee through willful or wanton conduct. To constitute willful or wanton conduct, there must be deliberate intention to harm or an utter indifference to, or conscious disregard of, the safety of others. Young , supra. There is an exception to this general rule; when the landowner discovers that a licensee is in peril, the landowner has a duty of ordinary care to avoid injury to the licensee. Bader , supra. That duty takes the form of warning a licensee of hidden dangers if the licensee does not know or have reason to know of the conditions or risks involved. Heigle, supra. The duty to warn, however, does not extend to obvious dangers or risks that the licensee should have been expected to recognize. Id. If, however, the landowner knows or has reason to know of a condition on the premises that is not open and obvious and that creates an unreasonable risk of harm to licensees, then the landowner is under a duty to use ordinary care to make the condition safe or to warn those licensees who do not know or have reason to know of the danger. AMI-Civ. 1103; Heigle , supra.
In granting summary judgment, the trial court determined that Noel was a licensee and that the duty owed by the POA was to refrain from injuring him through wanton and willful conduct. We agree. The court further ruled that the retaining wall in question constituted a danger. We agree that the retaining wall in question constituted a danger. It is also undisputed that the POA at its annual meeting and at several prior board meetings recognized and acknowledged that the retaining wall *515 in its current condition was dangerous and that it was an issue of potential liability for the POA. The POA had even discussed the necessity of installing a railing or barrier at that very location where Noel's injuries occurred.
The trial court, however, found that the retaining wall, while dangerous, was open and obvious and that there were no issues of material fact in this regard. The court found that Noel was aware of the retaining wall's existence and that the wall did not contain any fencing, guard rails, or barriers.[2] Concluding the danger was open and obvious, the trial court held that the POA had no duty to warn Noel. We disagree that summary judgment was appropriate, concluding that questions of fact exist as to whether the danger was open and obvious.
Admittedly, Noel was aware of the retaining wall and the lack of barriers upon it. However, a dangerous condition is "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Van DeVeer v. RTJ, Inc. , 81 Ark. App. 379, at 386, 101 S.W.3d 881, 885 (2003). Noel knew of the wall's existence, and after the accident, the height of the wall was measured to be forty-two inches. However, was he aware of the height of the wall and its proximity to the stairs at the time of the injury? Was the pathway sufficiently lit in the darkness to prevent an inadvertent step off the retaining wall? Was the pathway sufficiently marked so that someone unfamiliar with the retaining wall would not encounter the wall? Our court has recognized that when there are special aspects of the particular circumstances that make the risk of harm unreasonable, whether by their character, location, or surrounding conditions, then the duty of the possessor of land to exercise reasonable care remains. Id.
In this case, Noel presented evidence that a reasonable person in his position-walking down stairs at night in an unfamiliar location in dimly lighted conditions onto a small landing bounded by a drop-off-would not have recognized or appreciated the risk of a drop-off from a forty-two-inch retaining wall just a few short feet away and hidden by landscaping. At the very least, he presented sufficient evidence to have these questions submitted to a jury for resolution. Based on the record before us, we simply cannot say that the POA proved as a matter of law that the danger presented in this case was open and obvious. See Hergeth, Inc. v. Green , 293 Ark. 119, 124, 733 S.W.2d 409, 411 (1987). Thus, at this stage of the proceedings, the record presents an issue of fact not properly resolved by summary judgment.
In addition, we conclude that issues of material fact also exist pertaining to the imposition of a duty based upon a contractual assumption to maintain or repair. In Bartley v. Sweetser , 319 Ark. 117, 890 S.W.2d 250 (1994), our supreme court noted that since 1932, we have adhered to the rule that a landlord is under no legal obligation to a tenant for injuries sustained in common areas, absent a statute or agreement. Similarly, in Majewski v. Cantrell , 293 Ark. 360, 362, 737 S.W.2d 649, 651 (1987), our supreme court stated that Majewski was correct that a lessor, under the common-law rule that Arkansas follows, owes no duty of repair of the premises *516 to the lessee; but it is also true that a landlord who agrees to such repairs can be held liable for making those repairs in a negligent fashion. Majewski expanded the discussion, holding that a landlord is subject to liability for physical harm caused to the tenant and others, upon the leased property with the consent of the tenant or his subtenant, by a condition of disrepair existing before or arising after the tenant has taken possession if (1) the landlord has contracted by a promise in the lease or otherwise to keep the leased property in repair; (2) the disrepair creates an unreasonable risk to persons upon the leased property, which the performance of the landlord's agreement would have prevented; and (3) the landlord fails to exercise reasonable care to perform his contract. Id. at 362-63, 737 S.W.2d at 651 ; see also Steward v. McDonald , 330 Ark. 837, 958 S.W.2d 297 (1997). This same theory was applied to a condominium association's duty with regard to common areas in Lloyd , supra.
Here, a question of fact exists as to whether the POA assumed a duty by agreement. Without question, the POA recognized the danger associated with the retaining wall and had discussed building some sort of barrier. However, it never actually attempted to do so, and the accident occurred before any corrective action was taken by the POA. There was also evidence that Boettger had agreed to plant additional azaleas to prevent persons from walking over to the edge of the wall. By doing so, did Boettger relieve the POA of its duty to do more? These are questions of fact that have not been adequately answered.
Based on the facts presented to us, the trial court erred in granting summary judgment. At this juncture, there are just too many questions of fact remaining to rule as a matter of law that the POA is relieved of liability.
Reversed and remanded.
Virden and Klappenbach, JJ., agree.

The POA was originally organized as a horizontal-property regime.

At summary judgment, the trial court was aware that on the night of his injury, Noel was privy to a conversation between Boettger and Smith concerning the lack of a guard rail on the retaining wall located at the bottom of the stairs. While Noel admitted hearing the conversation, he claimed he did not pay too much attention to it.