Cite as 2020 Ark. App. 301

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–19–688

| | |
|---|---|
| PHYLLIS HALL<br><br>APPELLANT<br><br>V.<br><br>IMMANUEL BAPTIST CHURCH, CARLISLE<br><br>APPELLEE | **Opinion Delivered** May 13, 2020<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT<br>[NO. 43CV-16-610]<br><br>HONORABLE SANDY HUCKABEE, JUDGE<br><br>AFFIRMED |

### N. MARK KLAPPENBACH, Judge

Appellant Phyllis Hall filed a negligence lawsuit against appellee Immanuel Baptist Church, Carlisle ("church"), contending that the church was at fault for her tripping and falling while on church property on the afternoon of April 24, 2016. The circuit court granted summary judgment to the church, finding that there were no genuine issues of material fact remaining to litigate on (1) Hall's status as a licensee, or (2) whether the church breached the duty owed to licensees. We affirm the circuit court's order awarding summary judgment.

A circuit court will grant summary judgment only when it is apparent that no genuine issues of material fact exist requiring litigation and that the moving party is entitled to judgment as a matter of law. *Muccio v. Hunt*, 2016 Ark. 178, 490 S.W.3d 310. The burden shifts to the opposing party once the moving party establishes a prima facie entitlement to summary judgment; the opposing party must demonstrate the existence of a

material issue of fact. *Id*. After reviewing the evidence, the circuit court should deny summary judgment if, under the evidence, reasonable minds could reach different conclusions from the same undisputed facts. *Id*. All proof submitted must be viewed most favorably to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Wade v. Bartley*, 2020 Ark. App. 136, 596 S.W.3d 555.

On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material question of fact unanswered. *Jackson v. Sparks Reg'l Med. Ctr.*, 375 Ark. 533, 294 S.W.3d 1 (2009). We, too, view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id*. Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. *Id*.

Under Arkansas law, to prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries. *Bennett v. Graves & Assocs., Inc.*, 2019 Ark. App. 99, 571 S.W.3d 528. Because the question of what duty is owed is one of law, we review it de novo. *Id*.

The evidence presented by the parties through affidavit and deposition testimony, viewed in the light most favorable to Hall, showed the following. In 2016, Hall was no longer a member of this church, having left in 2013 or 2014; she was a member of a different church in a nearby town. The church normally conducted services on Sundays at 11:00 a.m. and 6:00 p.m. and Wednesdays at 6:30 p.m.

The church sent invitations (a card in the mail) to current and former members, inviting them to attend the church's fiftieth-anniversary celebration on Sunday, April 24, 2016. The church requested that attendees RSVP for planning purposes. The church used a spreadsheet to tally the number of expected attendees to keep track of how many would attend lunch, how many hotel rooms needed to be reserved for out-of-town guests, how many t-shirts needed to be ordered, and whether those who requested a t-shirt had paid for it. The church wanted RSVPs primarily for food-planning purposes. According to the church's spreadsheet, more than two hundred people in total were expected to attend. The church's outdoor sign near the street listed the Sunday worship times and also announced the April 24 anniversary celebration.

Hall said she went to the church that day because the church had sent her a card in the mail inviting her to the fifty-year homecoming. That Sunday, the church had its morning service from 11:00 a.m. to 12:00 p.m., a lunch was provided, and then an afternoon program was to be held in the sanctuary. Hall's grandson was going to play the violin during the afternoon program on the stage at the front of the church sanctuary; there are two steps leading up to the stage. Hall went onto the stage for a moment to help her grandson and put his music on the music stand. As Hall was leaving the stage, she tripped "on the trim" on or near the steps, fell in a "nosedive" off the stage, and was injured when she hit the floor.

Neither the pastor nor the church secretary knew precisely who attended the church service, the lunch, and the afternoon program that day. Some people attended only certain parts. Some attendees were church members and some were not.

Hall filed suit, claiming that the church had a duty to use ordinary care to maintain the premises in a reasonably safe condition and that it failed in that duty. Hall's complaint alleged that the stairs were improperly constructed and had raised trim that presented a tripping hazard. Hall did not allege that the church's wrongdoing was willful or wanton, nor did Hall allege that the stairs presented a hidden danger.

The church moved for summary judgment contending that Hall was a social guest of the church that day and thus a licensee; that the church's duty was only to refrain from injuring licensees through willful or wanton conduct; and that no willful or wanton conduct had been alleged. The church argued in the alternative that even if Hall was an invitee, any allegedly dangerous condition was open and obvious. Hall resisted the motion by arguing that she was a public invitee to the church's public event, not a licensee, and that there were questions of fact on whether there was a breach of the church's duty to a public invitee. The circuit court found that there were no issues of material fact; that Hall was a licensee; and that the church satisfied the duty owed to a licensee. This appeal followed.

The dispositive issue in this case is Hall's status, whether a licensee or an invitee, which defines the duty owed by the property owner. The parties, too, frame the issue on appeal as whether Hall was a licensee or an invitee.

There are two types of invitees: a public invitee and a business invitee. *See Slavin v. Plumbers & Steamfitters Local 29*, 91 Ark. App. 43, 207 S.W.3d 586 (2005). Hall asserts that she was a public invitee. A public invitee is a person who is invited to enter or remain on the property as a member of the public for a purpose for which the property is held open to the public. *Id.*; *Lloyd v. Pier W. Prop. Owners Ass'n*, 2015 Ark. App. 487, 470 S.W.3d 293 (noting an example of a public invitee as a member of the public going to a hospital or

4

library).  Our supreme court has declined to expand the invitee category beyond that of a public or business invitee to one whose presence is primarily social.  *See Bader v. Lawson*, 320 Ark. 561, 564, 898 S.W.2d 40, 42 (1995).  Our supreme court has held that to qualify as an invitee, courts usually require a showing that the plaintiff's presence on the land "was, actually or apparently, desired by the defendant, generally for some purpose other than social intercourse."  *Tucker v. Sullivan*, 307 Ark. 440, 444, 821 S.W.2d 470, 472 (1991).  As recognized by the parties, a property owner's duty to an invitee is much broader than that owed to a licensee.  *Slavin, supra*.

In contrast to an invitee, a licensee is one who goes upon the premises of another with the consent of the owner for one's own purposes and not for the mutual benefit of oneself and the owner.  *Delt v. Bowers*, 97 Ark. App. 323, 325, 249 S.W.3d 162, 164 (2007).  In Arkansas, a social visitor is regarded as a licensee of the property owner.  *Slavin, supra*.  A property owner owes a licensee the duty to warn of hidden dangers and to refrain from injuring him through willful or wanton conduct.  *Lloyd, supra*.  To constitute willful or wanton conduct, there must be deliberate intention to harm or an utter indifference to, or conscious disregard of, the safety of others.  *Id*.  When determining whether a visitor qualifies as either an invitee or a licensee, it is important to look to the purpose of the visit and the property owner's invitation.  *Tucker v. Sullivan*, 307 Ark. 440, 821 S.W.2d 470 (1991); *Noel v. Cox*, 2019 Ark. App. 70, 570 S.W.3d 510.

We now look to the purpose of Hall's visit and the church's invitation in light of the undisputed facts.  Hall was a member of a different church in a different town; Hall went to the church in Carlisle that day because she was invited by the church to attend the fiftieth-anniversary celebration; Hall stayed after the 11:00 a.m. service for the celebratory lunch;

5

and Hall fell after helping her grandson prepare for the afternoon musical performance. On these undisputed facts, the primary purpose of the church's invitation and Hall's attendance was for the anniversary celebration. *See Bradley v. Welch*, 94 Ark. App. 171, 228 S.W.3d 559 (2006) (holding that the status of the person is that of licensee when the only, or at least primary, benefit of the party was social). Certainly, the church was interested in Hall's being present, hence the mailed invitation, but this was primarily a social event. On these undisputed facts, the circuit court did not err in determining that Hall's status was that of licensee. *See Hambright v. First Baptist Church-Eastwood*, 638 So.2d 865 (Ala. 1994) (holding that church choir member Hambright was a licensee when she slipped and fell at church; she and other choir members had been asked to participate in the church's anniversary-celebration church service; Hambright was much like a social guest enjoying unrecompensed hospitality in a private home by invitation). In Hall's case, with no allegation and no evidence to support that the church breached the duty owed to licensees, there could be no error in granting summary judgment to the church. We therefore affirm.

Affirmed.

ABRAMSON, J., agrees.

MURPHY, J., concurs.

**MIKE MURPHY, Judge, concurring**. I agree with my colleagues that we must affirm this particular case on these particular facts. Because this is an issue of first impression in this state, I write separately to note that this case is not, and should not be considered, the last word on premise liability for churches in Arkansas.

Determining whether one is on another's property as an invitee or a licensee is, sometimes, an academic exercise in splitting hairs. Let's take *Tucker v. Sullivan*, 307 Ark.

6

440, 821 S.W.2d 270 (1991), cited with approval by the majority, for example. There, our supreme court stated that to determine a visitor's status, we must look at the purpose of the visit and the possessor's invitation. It reached that "test," for lack of a better word, by defining an invitee no less than four different ways.

First, it said an invitee is "one induced to come onto property for the business benefit of the possessor." *Tucker*, 307 Ark. at 443, 821 S.W.2d at 471 (citing *Kay v. Kay*, 306 Ark. 322, 812 S.W.2d 685 (1991)). Next, it says that "[o]ne entering premises on invitation does not enjoy the status of invitee unless the entry is made in connection with the business or purposes of the owner." *Id.* Then, it cites the Restatement (Second), which provides that:

(1)     An invitee is either a public invitee or a business visitor.

(2)     A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

(3)     A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.

*Id.* at 443–44, 821 S.W.2d at 471. Finally, the supreme court said that to enjoy invitee status, the person's "presence on the land was, actually or apparently, desired by the defendant, generally for some purpose other than social intercourse." *Id.* at 444, 821 S.W.2d at 472.

Here, the majority holds that "[o]n these undisputed facts, the primary purpose of the church's invitation and Hall's attendance was for the anniversary celebration." And I think it would be safe to say that the majority would agree with me that Ms. Hall was an invitee because she was "a person who is invited to enter or remain on the property as a member of the public for a purpose for which the property is held open to the public." (In depositions, a representative from the church testified that the events on the day Ms. Hall

7

tripped and fell were all open to the public.) But the dot that Hall failed to connect to make this the case that she wanted it to be is that she did not establish how her presence at this particular anniversary celebration furthered the "business or purposes" of the church.

The top two uses of the word "business" in the *Merriam-Webster Dictionary*[1] are as follows. First, a business is "a usually commercial or mercantile activity engaged in as a means of livelihood." The second definition is broader and interprets "business" as a "role" or "function." I am not inclined to pretend to be so naive as to believe that churches do not receive some benefit from having people in them or having people attend their events. In fact, in her reply, Hall does a commendable job discussing cases from other jurisdictions that underscore that point; however, the difference here is that this record does not do enough to establish what those benefits are and how Ms. Hall's presence contributed in a way that was something more than social intercourse. Had she done so, there is a possibility that this could have been decided differently. But on these facts, I concur.

*Law Office of Phyllis B. Eddins, PLLC*, by: *Phyllis B. Eddins*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Stuart P. Miller* and *David F. Koehler*, for appellee.

---

[1] BUSINESS, MERRIAM-WEBSTER DICTIONARY ONLINE, https://www.merriam webster.com/dictionary/business (last visited May 12, 2020).